341 So.2d 366 (1976)
STATE of Louisiana ex rel. Fred O. ROBERTSON
v.
Ross MAGGIO, Warden.
No. 58299.
Supreme Court of Louisiana.
December 13, 1976.
Robert Glass, New Orleans, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for defendant-respondent.
DENNIS, Justice.
On May 18, 1970, Fred O. Robertson, having entered a plea of guilty to a charge of simple burglary, La.R.S. 14:62, was sentenced to serve five years at hard labor. The trial judge, however, suspended execution of sentence and placed Robertson on active probation for five years.[1] *367 On August 20, 1974, Robertson's probation officer advised the judge by letter that he had lost contact with Robertson, and requested that the judge issue a warrant for his arrest. The arrest warrant was issued on September 3, 1974, and Robertson was taken into custody on December 13, 1974. On January 10, 1975, the district attorney filed a rule to show cause why Robertson's probation should not be revoked. The rule, in describing the violations with which Robertson was charged, stated:
"Condition No. 4that he make no changes in his residence of [sic] employment. On May 10, 1974 this subject's wife was contacted and it was learned that he had moved from his residence of 4013 Jumonville Street and his whereabouts were unknown.
"Condition No. 7that he remain within the jurisdiction of the Court unless given written permission to leave. Inasmuch as this subject moved without notifying his Probation Officer of his new address, a warrant was issued for his arrest on September 3, 1974 for absconding from supervision."
A hearing on the rule was held January 24, 1975.
At the hearing Robertson's probation officer testified that Robertson had fully complied with his probation conditions for the first four years of his probation; he had successfully completed the federal drug rehabilitation program in which he had been required to participate as a condition of probation; he had maintained steady employment as a truck driver or mechanic for the City of New Orleans since 1971; and he had resided with and provided for his wife at their residence at 4013 Jumonville Street, New Orleans, until May 10, 1974, at which time, because of marital difficulties, he moved to his mother's home at 5622 N. Robertson Street, New Orleans. After less than two months, Robertson and his wife resolved their difficulties and took up residence together at 4219 N. Claiborne Street, New Orleans. The probation officer testified that Robertson failed to obtain prior approval of these changes in residence, and that he had been unable to locate Robertson during the summer of 1974.
The probation officer's unsuccessful efforts to locate Robertson during this brief period consisted of two or three telephone calls to his wife, who was temporarily estranged from Robertson at the time, and who denied knowing his whereabouts, and of mailing a single "appointment letter" to Robertson at his mother's address. The letter was returned by the Post Office inexplicably marked undeliverable. Robertson testified that he received all of his mail at *368 his mother's address, and offered no explanation why the appointment letter was returned to the probation department by the post office. The probation officer had Robertson's mother's address in his file, but, with the exception of the appointment letter, never attempted to contact Robertson there. Likewise, although the probation officer knew Robertson was employed by the City of New Orleans, he apparently made no effort to locate Robertson through his job.
No evidence was adduced at the hearing that Robertson failed to submit the required monthly written reports to the probation department. Robertson testified at the hearing that he had hand-delivered the reports to the probation office each month, leaving them with "the lady at the desk." The probation officer admitted that the written reports for September and October of 1974 were received in his office, and that they contained notification of Robertson's Claiborne Street address. The probation officer, however, did not see these reports until after Robertson's arrest on December 13, 1974, because the case had been transferred to his supervisor when the arrest warrant issued on September 3, 1974.
At the conclusion of the hearing, Robertson's counsel urged the trial judge to regard any violations that might have been proved as insubstantial and unintentional. The judge responded,
"No, I can't do that, * * *. Probation would be absolutely no good to anybody if I went back on my word. I make it a point to tell everyone of these people that this is the last chance you're getting. Don't ever come back. I practically beg them not to come back. Because if they do, I got to stick to what I told them. If I don't, they'll all be doing it. Where would the probation system be then.

* * *
"I have no alternative but to stick to my word. If I don't, every probationer from this court will be doing the same thing, and I'm not going to have that. * * *" (Emphasis added.)
The judge then revoked Robertson's probation and ordered that the original five year sentence be made executory; he declined to give Robertson credit for the time previously served on probation.
In March of 1976, Robertson filed a pro se petition for writ of habeas corpus in the Criminal District Court for the Parish of Orleans. The writ was denied by the court without a hearing on May 27, 1976. On July 8, 1976, Robertson filed a petition for writ of habeas corpus in this Court. Subsequently, this Court, having obtained a transcript of the probation revocation hearing, issued a writ of certiorari and set the matter for hearing on November 8, 1976. By separate order, this Court appointed counsel to represent Robertson in the presentation of his case.[2]
After full consideration of this case, we are of the opinion that Robertson was not afforded due process in the revocation proceeding, and that the trial judge abdicated his responsibility to exercise the sound discretion mandated by the legislature in determining the severity of the probation violation, if any, and in imposing the appropriate sanction therefor. Accordingly, the district court's order revoking Robertson's probation must be overturned, and, because the probationary period expired in May, 1975, Fred O. Robertson must be immediately released from custody and discharged from further supervision by the State.
In making its factual allegation that Robertson violated the terms of his probation the State asserted that Robertson "had moved from his residence of 4013 Jumonville Street and his whereabouts were unknown," and that Robertson had "moved without notifying his Probation Officer of his new address."
Under the terms of condition number eight of Robertson's probation, he was to "notify the probation officer or [the Criminal *369 District Court] of any change in [his] address or employment." This condition did not prohibit Robertson from making changes in his residence nor require prior approval of them. By its terms Robertson's sole obligation was to give notice of any change in residence to the proper authorities. The uncontradicted evidence adduced at the hearing on the rule to show cause indicated that notice was given by Robertson of his change in addressat the latest in his September, 1974 monthly report.
By the end of June, Robertson had settled his differences with his wife, and together they moved to the Claiborne Street address. Assuming that the first notice of his new address given to the probation office was that contained in Robertson's monthly report for September, the district judge might have been justified in finding a temporary breach of the probation conditions on the basis of Robertson's delay in giving the required notice of his change in address.
The State, however, did not charge Robertson with having violated condition number eight. To allow Robertson's probation to be revoked on the basis of a violation not charged would be antithetical to due process, and contrary to recent decisions by the United States Supreme Court and by this Court. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Harris, 312 So.2d 643 (La.1975). According to these cases a probationer is entitled, among other rights, to prior notice of his alleged probation violations, and an opportunity to defend against the particular charges made.
The State, in its rule to show cause, specifically alleged violations of conditions numbers four and seven of his probation. Condition number four required Robertson to devote himself to an employment or occupation approved by the probation officer; condition number seven instructed him to remain within the jurisdiction of the Criminal District Court of Orleans Parish, unless he obtained prior approval to leave. Absolutely no evidence introduced at the hearing on the rule to show cause justifies the conclusion that Robertson absented himself from the jurisdiction of the Orleans Parish Criminal District Court. Likewise, the uncontradicted evidence in the record is that Robertson was employed by the City of New Orleans from 1971 to the time of his arrest, and there is no suggestion in the record that this occupation was not approved.
Had the State properly charged Robertson with a violation of condition number eight of his probation, and assuming Robertson's delay in notifying the probation office of his change in address was at least a minor violation of that condition, we would nevertheless be forced to conclude, on the basis of the record, that the district judge erred in systematically revoking Robertson's probation without exercising the discretion vested in him by the legislature.
Louisiana Code of Criminal Procedure Article 900, in pertinent part, provides:
"* * * If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
"(1) Reprimand and warn the defendant;
"(2) Order that supervision be intensified;
"(3) Add additional conditions to the probation; or
"(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. * * *"
This article gives the judge wide latitude in responding to probation violations, and calls for the sound exercise of judicial discretion.
It is not without reason that the legislature provided for the exercise of judicial discretion in dealing with probation violationsthey can be minor and ephemeral, as here, or serious. A single, inflexible policy for dealing with all violations would not serve the legislatively desired goal of rehabilitation. *370 Cf. Wilson, The Louisiana Criminal Code: Making the Punishment Fit the Criminal, 5 La.L.Rev. 53, 56 (1942). The fact that the legislature in enacting Louisiana Code of Criminal Procedure Article 900 granted to the judge a wide range of alternatives for dealing with individuals who violate the conditions of their probation indicates that the lawmakers intended the punishment for probation violations to be tailored to the facts of the case, the seriousness of the misdeed, and the needs of the probationer.[3]
An examination of the record reveals a refusal by the district judge to exercise the discretion vested in him by the legislature, finding instead he had "no alternative" but to revoke Robertson's probation in accordance with his policy "that I never give anybody a second chance." At the hearing on the rule to show cause the judge made it clear that his uniform policy of automatic probation revocation for every violation, regardless of severity or of circumstance, was based on his own notion that the probation system would be served better by uniformly severe treatment of every violation.
The legislature, however, has expressed in Article 900 the policy of the State, and the district judge improperly disregarded its mandate by following his own harsh and arbitrary policyrevocation of probation without credit for time servedwithout regard for the facts of the case, the seriousness of the violation, or the appropriateness of less drastic sanctions.
Where the legislature has established a wide range of sanctions for improper conduct, a judge vested with discretion in choosing which of those sanctions he will impose in a given case cannot be permitted to impose uniformly the most severe penalty in all cases. Such a policy constitutes a failure to exercise judicial discretion. Cf. United States v. Hartford, 489 F.2d 652 (5th Cir. 1974); United States v. Daniels, 446 F.2d 967 (6th Cir. 1971).
For the foregoing reasons, the judgment of the district court revoking Fred O. Robertson's probation and ordering that his five-year prison sentence be made executory is set aside and annulled. Because Robertson's probation, had it not been improperly revoked by the judge below, would have terminated in May of 1975, his immediate release from custody and further supervision by the State is hereby ordered.
REVERSED AND RENDERED.
SUMMERS, J., concurs.
NOTES
[1] The following conditions of probation were imposed on Robertson in accordance with Louisiana code of Criminal procedure Article 895 as it read before its amendment in 1972 and 1974:

"(1) Meet all your family responsibilities under the laws of Louisiana;
(2) Report to the probation officer as directed by said officer;
(3) Permit the probation officer to visit you at your home or elsewhere;
(4) Devote yourself to an employment or occupation approved by the probation officer;
(5) Refrain from owning or possessing any firearm or dangerous weapon unless granted written permission by your probation officer;
(6) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;
(7) Remain within the jurisdiction of this Court unless written permission to do otherwise is given by this Court or the probation officer; and you are hereby given permission to leave the jurisdiction for the purpose of going into the hospital;
(8) Notify the probation officer or this Court of any change in your address or employment;
(9) Refrain from the violation of any law of Louisiana, or of any other State, or of the District of Columbia, or of the United States; and to refrain from the violation of any Ordinance of any political subdivision of the State of Louisiana;
(10) And, as a special condition of probation, that you qualify for and be accepted by the U.S. Public Health Service Hospital for treatment of narcotic addiction under Title III of the Narcotic Addict Rehabilitation Act of 1966 of the U.S. Congress. You are remanded to the Parish Prison to be released only to your attorney for the purpose of appearing in the U.S. District Court for the Eastern District of Louisiana in connection with your petition for commitment for treatment of drug addiction, and for the purpose of being transported to a designated U.S. Public Health Hospital."
[2] This Court was informed during oral argument that Robertson, who had been incarcerated since his arrest in December of 1974, has been released on parole, having served onethird of his five-year prison sentence.
[3] Where the legislature has made a pre-determination of the seriousness of a probation violation, as where the probationer commits another felony, it has restricted the permissible range of judicial discretion in dealing with the violation. See, La.C.Cr.P. art. 901.