KNOLL, Judge.
This appeal concerns a hearing to revoke probation. On June 30, 1980, the defendant, Fred Anthony Sonnier, pleaded guilty in the Fourteenth Judicial District Court to two counts of simple burglary. The trial judge imposed a sentence of two concurrent three-year terms with the Louisiana Department of Corrections. The sentences were suspended and the defendant was placed on supervised probation for three years, subject to the general conditions of LSA-C.Cr.P. Art. 895 and other specially enumerated conditions.
On October 13, 1982, the defendant was convicted by a jury in the Fourteenth Judicial District Court of simple burglary, a violation of LSA-R.S. 14:62. He was remanded for sentencing on October 29, 1982. The last conviction violated the conditions of his probation which necessitated a probation violation hearing. The trial judge appointed an attorney to represent the defendant at the hearing which was fixed for the same date as sentencing.
The court sentenced the defendant to serve twelve years with the Department of Corrections. At sentencing, the defendant appeared with his attorney who represented him during his last trial and his court appointed attorney for the probation revocation hearing. Immediately after he was sentenced, the trial judge went into the probation revocation hearing which was short and informal. The court noted that the defendant’s latest offense occurred while he was on probation and further, that the defendant pleaded guilty to the 1980 offenses.
After establishing these facts the trial judge revoked the defendant’s probation and ordered him to serve the first sentence which had been probated consecutive to the twelve years he had just imposed.
The defendant objected to the probation revocation on the grounds that he was not given a hearing, and orally moved for an appeal. From this objection the defendant has alleged five assignments of error. All of the assignments of error are related except number three, therefore we will treat numbers one, two, four and five together, and number three separately. The defendant alleges that:
1. The trial court erred in revoking the defendant’s probation without allowing his counsel a chance to participate in the proceedings.
2. The trial court erred in revoking the defendant’s probation without affording him the right to counsel.
3. The trial court erred in addressing the defendant directly at what was the only hearing he had, without advising him of his right to remain silent.
4. The trial court erred in appointing counsel to represent defendant at a probation revocation hearing, and when counsel had appeared and announced that he denied the probation violation allegations and requested a hearing, then summarily addressing the defendant and eliciting questions from him and then summarily ordering his probation revoked.
5. The trial court erred in disregarding counsel’s request for a hearing on the probation revocation charge.
ASSIGNMENTS OF ERROR ONE, TWO, FOUR AND FIVE
The defendant alleges that his probation was improperly revoked by: not allowing the defendant’s counsel to participate in the proceedings; not affording the defendant the right to counsel; addressing the defendant and summarily revoking his probation and, disregarding counsel’s request for a hearing.
It is apparent that the basis for the defendant’s violation of probation was his involvement in criminal activity. As a result of his criminal activity he was convicted on *989 October 13, 1982 of simple burglary. This was in direct contravention of his condition of probation as set forth in LSA-C.Cr.P. Art. 895. This article specifically provides, among other things, that:
“A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
When a defendant violates a condition of his probation he is subject to having his probation revoked. The hearing for a probation revocation is a simple and uncomplicated proceeding. See LSA-C.Cr.P. Art. 900. The hearings on probation revocations may be informal and summary as long as the minimum requirements of due process are met. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (U.S.1973).
Turning to the defendant’s allegations, we find that the record clearly shows that the defendant was represented by counsel at the hearing. The record is void of any evidence that prohibited the defendant’s counsel from participating in the proceedings. The trial judge was within his province in addressing the defendant. Counsel’s request for another hearing would have been repetitious and.is not required. The trial judge first determined that the defendant violated a condition of his probation before the probation was revoked, as provided by Article 900. We do not find that the record supports any of the defendant’s allegations.
Immediately before the probation hearing, the trial judge imposed a twelve year sentence on the defendant for a simple burglary conviction. The trial court may rely on the court record of a criminal prosecution to establish a criminal conviction and to use this information to show a violation of probation. State v. Harris, 312 So.2d 643 (La.1975); State v. O’Conner, 312 So.2d 645 (La.1975).
We therefore find that these assignments of error are without merit.
ASSIGNMENT OF ERROR THREE
The defendant complains that he was questioned by the trial court without first being advised that he had a right to remain silent.
There are critical differences between criminal trials and probation revocation hearings. Formal procedures and rules of evidence are not employed in revocation hearings. LSA-C.Cr.P. Art. 900; Gagnon, supra.
Further, the “Miranda” rule has not been extended to probation hearings. State v. Lassai, 366 So.2d 1389 (La.1978); United States v. Johnson, 455 F.2d 932 (5th Cir. 1972), cert. denied 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972).
Therefore defendant’s assignment of error number three is without merit.
DECREE
For the reasons assigned we affirm the order of October 29, 1982 revoking the probation of the defendant, Fred Anthony Son-nier, and ordering the execution of the sentences of June 30, 1980.
AFFIRMED.