471 So.2d 834 (1985)
STATE of Louisiana, Plaintiff-Respondent,
v.
Frank E. McDONALD, Defendant-Applicant.
No. 16963-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
*835 John Ford McWilliams, Jr., Shreveport, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Sonia D. Peters and John A. Broadwell, Asst. Dist. Attys., Shreveport, for plaintiff-respondent.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
The defendant, Frank E. McDonald, was charged by bill of information with distribution of a Schedule II controlled dangerous substance, marijuana, in violation of LSA-R.S. 40:967. On September 23, 1981 the defendant plead guilty to the charge and was sentenced on January 13, 1982 to serve 4½ years at hard labor. The sentence was suspended and the defendant was placed on supervised probation for a period of 5 years with special conditions of *836 probation that he serve 8 months in the parish jail, abide by all of the provisions of LSA-C.Cr.P. Art. 895, and upon release from the parish jail, submit himself to a drug counseling program approved by defendant's probation officer and submit himself to urinalysis for PAC and narcotics on a regular basis to be determined by his probation officer. The defendant's probation was subsequently revoked and it is from this action that the defendant appeals.
A defendant has no right of appeal from the revocation of probation. State v. Manuel, 349 So.2d 882 (La.1977); LSA-C.Cr.P. Art. 912.1(B). The trial court erroneously granted the defendant an appeal. However, we will treat the appeal as an application for this court's supervisory review. LSA-C.Cr.P. Art. 912.1(C).[1]
The record reflects that at the defendant's original sentencing hearing the trial court imposed a special condition of probation that the defendant submit to a drug counseling program. The defendant entered the CODAC program but was "unsuccessfully discharged" from that program on August 9, 1983. The state sought to have defendant's probation revoked; however, at the revocation hearing on October 27, 1983 the trial court continued the defendant on probation on the condition that the defendant reenroll in the CODAC program and successfully complete the program in accordance with the normal rules and regulations of that organization. The record reflects that the defendant clearly understood and agreed to the special condition. On July 31, 1984 the defendant was again "unsuccessfully discharged" from the CODAC program and a petition to revoke defendant's probation was filed on August 21, 1984. On August 24, 1984 the defendant enrolled in the Bossier/Shreveport Substance Abuse Clinic and was also seen by a psychiatrist at the Shreveport Mental Health Clinic. At the defendant's probation revocation hearing on September 19, 1984, the defendant submitted letters from officials of the Shreveport Mental Health Center and the Bossier/Shreveport Substance Abuse Clinic indicating that they had seen the defendant.
The trial court found that the defendant had violated the special condition of his probation by being "unsuccessfully discharged" from the CODAC program for a second time. The court found the main reason the defendant was terminated from CODAC was because the defendant continued to exhibit continued use of controlled dangerous substances and it was for that significant reason that the court was convinced that the defendant was in violation of his probation.
In the first assignment of error, the defendant contends that the trial court's reasons for the sentence originally imposed did not fully take into consideration the requirements of LSA-C.Cr.P. Art. 894.1.
The defendant was sentenced on January 13, 1982. Under LSA-C.Cr.P. Art. 914 a motion for an appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The record does not reflect that the defendant ever sought to appeal the original sentence. The record does not reflect that the defendant filed an application for post-conviction relief under LSA-C. Cr.P. Art. 924 et seq. or that the defendant filed a motion for out of time appeal in the district court. State v. Simmons, 390 So.2d 504 (La.1980); State v. Holmes, 440 So.2d 1384 (La.App. 2d Cir.1983). Since the defendant did not seek to appeal his sentence within the time limits of Art. 914 or seek other post conviction relief, the defendant may not now in this appeal from *837 the probation revocation (which we treat as a writ application) complain that the original sentence imposed was excessive. The excessive sentence issue is not properly before this court for review and will not be considered.
In the defendant's second assignment of error, the defendant contends that the trial court erred in revoking defendant's probation. Specifically, the defendant contends that he was never given a certificate setting forth the conditions of his probation as required by LSA-C.Cr.P. Art. 895(C). Additionally, the defendant contends that he should have been allowed to remain on probation in order to receive treatment at the Shreveport Mental Health Center as well as the Bossier/Shreveport Substance Abuse Clinic.
LSA-C.Cr.P. Art. 895 specifies that the defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions. A certificate setting forth the conditions of the defendant's probation was not offered into evidence at the defendant's probation revocation hearing. However, the defendant did not indicate to the trial court that he had not received a certificate nor did the defendant object to the failure of the state to offer such a certificate into evidence. Additionally, we find no authority which indicates that the state must submit the certificate setting for the conditions of the defendant's probation at the defendant's probation revocation hearing. The clear purpose of Art. 895(C) is to assure that defendant has adequate knowledge of a special condition of probation. At the defendant's first probation revocation hearing the defendant was specifically told that he would be continued on probation on the condition that he reenroll in the CODAC program and successfully complete that program. The defendant indicated to the court his understanding of the condition. The defendant has both failed to perfect this issue for appellate review by failing to raise the issue or make a contemporaneous objection in the trial court and additionally failed to make a showing that the defendant was without knowledge of the special condition of his probation.
The defendant has also contended that the trial court should have continued the defendant on probation and allowed the defendant to participate in the drug counseling program offered by the Bossier/Shreveport Substance Abuse Clinic and also to continue psychiatric treatment at the Shreveport Mental Health Clinic. The record reflects that the defendant did not seek the alternative drug counseling program until after the state filed its second petition to revoke the defendant's probation. The defendant was found to be in violation of his probation in the second instance when the defendant was again "unsuccessfully discharged" from the CODAC program for the continued use of controlled dangerous substances. The enrollment by the defendant in the alternative drug counselling programs did not cure the defendant's violation of the special condition of his probation. We find no error or abuse of discretion in the revocation of the defendant's probation.
WRIT DENIED.
NOTES
[1] LSA Const. Art. 5, § 5(E) provides that the Louisiana Supreme Court shall have exclusive supervisory jurisdiction of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982. Although the defendant's conviction and sentence occurred prior to July 1, 1982, the Supreme Court has determined that a revocation of probation does not "relate to" the conviction and sentence itself. Therefore, the writ application was properly filed in the Court of Appeal. State v. Hudson, 431 So.2d 1050 (La.1982); State v. Williams, 418 So.2d 1351 (La.1982).