480 So.2d 495 (1985)
STATE of Louisiana
v.
Bobbie L. DAVIS.
No. 85-KA-442.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
*496 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Elizabeth M. Gaudin, Asst. Dist. Attys., Research and Appeals, Gretna, for plaintiff-appellee.
Martha E. Sassone, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
On December 20, 1982, the Jefferson Parish district attorney filed a bill of information charging the defendant with theft of merchandise valued at Two Hundred Seventy-Nine Dollars and Ninety-Nine Cents ($279.99), in violation of LSA-R.S. 14:67. The defendant was arraigned on January 12, 1983; and, while represented by counsel, pleaded not guilty to the charge. The defendant appeared before the court on January 19, 1983, withdrew his former plea, and tendered a plea of guilty as charged. After conducting a Boykin colloquy, the trial judge accepted the defendant's plea and ordered a pre-sentence investigation.
On March 23, 1983, the defendant was sentenced to two years at hard labor. However, the sentence was suspended and the defendant was placed on active probation for five years with the following special conditions:
(1) that defendant continue to live with his brother;
(2) that defendant remained employed with his brother or in some other steady employment;
(3) that defendant serve six months in the Jefferson Parish Correctional Center; and
(4) that defendant receive evaluation and treatment if recommended at a substance abuse clinic.
On October 9, 1984, on motion of the district attorney, the trial judge set for hearing a rule to revoke the defendant's probation. The district attorney alleged that the defendant had violated a condition of probation in that he engaged in criminal conduct as evidenced by a conviction for theft in Orleans Parish.[1] The revocation hearing was commenced on October 31, 1984, and was held open until February 27, 1985, at which time the trial judge determined that the defendant had violated the terms of his probation. Probation was revoked and the two-year suspended sentence was made executory, with credit for time served, to run consecutively with the Orleans Parish sentence.
Defendant thereafter filed an appeal of the judgment.[2]
The sole issue is whether the trial court erred in revoking defendant's probation.
In support of his application for supervisory writs, defense counsel contends that the revocation of the defendant's probation constituted a due process violation, in that the defendant was not informed of the conditions of his probation until after his Orleans Parish conviction.
LSA-C.Cr.P. Article 895 provides as follows:
"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:

*497 (1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions."
Official Revision Comment (b) to Article 895 states:
"(b) It is important that the defendant be fully and clearly apprised of and agree to the terms of his probation. This is required by the concluding paragraph of this article, following a similar provision of the 1960 probation law and A.L.I. Model Penal Code, Proposed Official Draft (1962), Section 301(4)."
In support of his contention that the defendant's probation was improperly revoked, appellant cites State v. Sussmann, 374 So.2d 1256 (La.1979). In Sussmann, the trial judge revoked the defendant's probation because he sniffed a paint thinner, and because confinement in parish prison might convince the defendant to change his ways. The Supreme Court reversed the judgment revoking probation, stating: "Revoking Sussmann's probation for these reasons was improper. None of the conditions of probation referred to the use of paint thinner or other intoxicants. Revocation for unlisted and unexplained special conditions is a denial of minimum due process rights." (Emphasis added) Sussmann, supra, at 1259.
The facts herein reveal that on March 23, 1983, during the sentencing hearing, the trial court informed defendant of the several special conditions of probation and went on to state: "If during the next five years, you're convicted of any offense, you're going to serve two years at Angola as a result of this sentence. No leniency, nothing else will happen. This is it, two years at Angola."
At the revocation hearing on October 31, 1984, the state called Robert Bugtel, the defendant's probation officer, who testified that the defendant violated condition number one of his probation in that he engaged in criminal conduct, as evidenced by his Orleans Parish conviction for illegal possession of stolen things. On cross-examination, Bugtel admitted that he had never met with or spoken to the defendant, and that his testimony was based on material from the defendant's file which had been compiled by other members of the probation office. Bugtel admitted further that neither he nor any other member of the Probation and Parole Department discussed the conditions of probation with defendant.
At the conclusion of Bugtal's testimony, the trial judge noted that the defendant's appeal relative to the Orleans Parish conviction had yet to be decided and continued the revocation proceedings as an open matter until such time as the Orleans Parish conviction was final.
The revocation hearing recommenced on February 27, 1985, at which time the state offered into evidence a certified copy of the Fourth Circuit Court's judgment on the defendant's appeal from the Orleans Parish conviction. The defense then called Terry *498 Brignac, a probation officer, who testified that the defendant was placed on probation on March 3, 1983, but was not processed or read the conditions of probation until October 31, 1984.[3] It was explained that the lag between conviction and processing occurred because the defendant had been serving six months in parish prison, as ordered by the trial judge, and was released on good time before he was processed.
The defense then pointed out that the defendant was convicted in Orleans Parish before he was processed by the Probation Department and notified of the terms of his probation on the Jefferson Parish theft conviction; and thus he requested that the trial judge run the theft sentence concurrently with the Orleans Parish sentence.
Following the testimony, the trial judge found that defendant violated a condition of probation in that he had subsequently been convicted of a felony. He then revoked the defendant's probation and ordered that the suspended sentence be made executory, to be served consecutively with the Orleans Parish sentence.
Thus, unlike the facts in Sussmann, in the instant case, the defendant's probation was revoked because he was subsequently convicted of a felony in Orleans Parish. That a defendant refrain from criminal conduct is a mandatory general condition of probation. LSA-C.Cr.P. art. 895(A); State v. Sussmann, supra; State v. Sonnier, 437 So.2d 987 (La.App. 3d Cir. 1983).
Appellant takes cognizance of the trial judge's warning to the defendant, but contends that "this was not sufficient to fully inform the defendant and to insure that he was fully aware of the conditions of his probation and the consequences of his subsequent behavior." We disagree. In clear and unequivocal language, defendant was informed that if he was convicted of any offense, the suspended sentence would be made executory. Appellant's argument that he was not informed of the condition of probation which he violated until after the violation occurred is meritless, as it is directly contradicted in the sentencing transcript.
However, it is noted that the defendant apparently did not receive a certificate setting forth the conditions of his probation, as required by LSA-C.Cr.P. Article 895(C), until after his Orleans Parish conviction.[4] While defense counsel has not directly raised this point on appeal, we find a recent case addressing the issue useful in resolving the issues defense counsel has raised.
In State v. McDonald, 471 So.2d 834 (La.App. 2d Cir.1985), writ denied 475 So.2d 1104, the defendant pleaded guilty to possession of marijuana and was sentenced to four years at hard labor. The sentence was suspended and the defendant placed on supervised probation for five years. One of the conditions of probation was that the defendant submit to a drug counseling program. The defendant entered CODAC program but was "unsuccessfully discharged." The state sought to have the defendant's probation revoked. At the revocation hearing, the trial judge continued the defendant on probation on the condition that he re-enroll in CODAC and successfully complete the program. The defendant was again "unsuccessfully discharged" from the CODAC program and his probation was revoked on that basis.[5] In his application for supervisory writs, the defendant contended in part that his probation was improperly *499 revoked because he was never given a certificate setting forth the conditions of his probation as required by LSA-C.Cr.P. Article 895(C). In rejecting this contention, the McDonald court stated:
"LSA-C.Cr.P. Art. 895 specifies that the defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions. A certificate setting forth the conditions of the defendant's probation was not offered into evidence at the defendant's probation revocation hearing. However, the defendant did not indicate to the trial court that he had not received a certificate nor did the defendant object to the failure of the state to offer such a certificate into evidence. Additionally, we find no authority which indicates that the state must submit the certificate setting for (sic) the conditions of the defendant's probation at the defendant's probation revocation hearing. The clear purpose of Art. 895(C) is to assure that defendant has adequate knowledge of a special condition of probation. At the defendant's first probation revocation hearing the defendant was specifically told that he would be continued on probation on the condition that he re-enroll in the CODAC program and successfully complete that program. The defendant indicated to the court his understanding of the condition. The defendant has both failed to perfect this issue for appellate review by failing to raise the issue or make a contemporaneous objection in the trial court and additionally failed to make a showing that the defendant was without knowledge of the special condition of his probation."

McDonald, supra, at 837.
In the instant case, it is apparent that the defendant did not receive a certificate setting forth the conditions of his probation until after the Orleans Parish conviction. However, he did have knowledge that a commission of any offense would cause the probation to be revoked. Further, there is no evidence that the defendant may have misunderstood the warning given by the trial judge in the sentencing hearing. Thus, the defendant was fully informed that he must refrain from criminal conduct, as mandated by LSA-C.Cr.P. Article 895(A). We find the failure to produce a certificate does not warrant a reversal.[6]
Appellant finally contends that the trial judge improperly disregarded the mandate of LSA-C.Cr.P. Article 900 and failed to exercise judicial discretion in revoking the defendant's probation because less drastic sanctions were available.
LSA-C.Cr.P. Article 900 provides in pertinent part:
"If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(1) Reprimand and warn the defendant;
(2) Order that supervision be intensified;
(3) Add additional conditions to the probation; or
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing; or
(5) Extend the period of probation provided the total amount of time served by the defendant on probation for any one offense shall not exceed the maximum period of probation provided by law.
LSA-C.Cr.P. Article 901(A) provides:
"A. In addition to the grounds for revocation of probation enumerated in Louisiana Code of Criminal Procedure Article 900, when a defendant who is on *500 probation for a felony commits or is convicted of a felony under the laws of this state, or under the laws of another state, the United States, or the District of Columbia, or is convicted of a misdemeanor under the provisions of Title 14 of the Louisiana Revised Statutes of 1950, or is convicted of a misdemeanor under the provisions of the Uniform Controlled Dangerous Substances Law contained in Title 40 of the Louisiana Revised Statutes of 1950, his probation may be revoked as of the date of the commission of the felony or final conviction of the felony or misdemeanor.
The Official Revision Comment provides:
"(a) Commission of another felony when a defendant is on probation for a felony, or of any offense when a defendant is under a suspended misdemeanor sentence, is such a serious matter that it will ordinarily result in revocation of the probation or suspended sentence. However, in come [sic] cases revocation may be unduly drastic; therefore, the court is given discretion."
(Emphasis added)
It is our opinion that the legislature has recognized that commission of a felony while on probation is one of the most serious of probation violations. A review of the jurisprudence under Articles 900 and 901 has not revealed any cases wherein a court was found to have abused its discretion in revoking a defendant's probation for commission of a felony.[7] In Sussmann, supra, after noting that none of the conditions of probation referred to the use of paint thinner or other intoxicants by the defendant, the court stated that even had the defendant violated this condition, the revocation of probation for such a relatively minor violation may be reversible error. In State ex rel Robertson v. Maggio, 341 So.2d 366 (La.1976), defendant's delay in notifying his probation officer of a change of address was found to be minor and ephemeral; therefore, revocation of probation was found to be an abuse of discretion.
In light of the serious nature of the defendant's parole violation, i.e., possession of stolen property valued at Nine Thousand Dollars ($9,000), we find that the trial judge did not abuse his discretion in revoking the defendant's probation.
Therefore, after a review of the law and evidence, the judgment revoking defendant's probation is hereby affirmed.
AFFIRMED.
NOTES
[1] As shown by the Orleans Parish bill of information, the defendant was actually charged with and convicted of illegal possession of stolen things.
[2] Defendant attempted to perfect an appeal of the judgment, but this court determined that an appeal does not lie from a judgment revoking probation. See LSA-C.Cr.P. art. 912; State v. Manuel, 349 So.2d 882 (La.1977); State v. Bradley, 445 So.2d 209 (La.App. 4th Cir. 1984); State v. Berry, 445 So.2d 763 (La.App. 4th Cir. 1984). However, pursuant to defendant's request, this court agreed to consider the matter as a supervisory writ application, for which briefs were ordered and the case docketed for argument.
[3] Thus, it is apparent that the defendant was "processed" after revocation proceedings were commenced and over one year after his Orleans Parish conviction.
[4] According to Terry Brignac, a Probation and Parole Office supervisor in Jefferson Parish, the certificate is prepared by that office and signed by the defendant during "processing." As the instant defendant was "processed" on October 31, 1984, over a year after the Orleans Parish conviction, it is evident that he has not been given a certificate prior to committing the offense.
[5] The defendant was terminated from CODAC because of his continued use of controlled dangerous substances, which in itself was a violation of probation.
[6] Had defendant's probation been revoked for violation of a condition which he had not been informed of until after the violation, a different result would be necessary. See State v. Sussmann, supra.
[7] In State v. Duncan, 396 So.2d 297 (La.1981), the court indicated that revocation of probation is not mandated when there has been a felony conviction for conduct occurring during the term of probation; however, the Duncan court upheld the defendant's revocation due to a felony conviction. The aforementioned language was used when justifying the delay in the revocation proceedings. The court pointed out that the defendant's behavior while incarcerated in federal prison on a federal charge could have favorably impressed the trial judge regarding his decision to reinstate or revoke probation, had such evidence been presented to the trial judge.