494 So.2d 1371 (1986)
STATE of Louisiana, Appellee,
v.
Ronald L. SUTTON, Appellant.
No. 18256-KW.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
Rehearing Denied October 23, 1986.
Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., and Howard M. Fish, Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
*1372 MARVIN, Judge.
We granted a supervisory writ to review the trial court's judgment revoking defendant's probation. After review of the record, we find no error and affirm the judgment.
On April 29, 1985, the applicant, Sutton, pleaded guilty to the possession of a Schedule II controlled dangerous substance in violation of LRS 40:967(C) and was sentenced to four years imprisonment at hard labor. Sutton's sentence was suspended and he was placed on three years supervised probation.
A petition for cause was filed October 21, 1985, by Sutton's probation officer alleging that Sutton failed to report in April, June and July, 1985, that he associated with a known drug user, and that he failed to refrain from criminal activity in that illegal drugs had been found in Sutton's residence.
After a full evidentiary hearing was held as directed by this court, the trial court revoked defendant's probation and amended Sutton's sentence to three years at hard labor and giving him credit for time served. Applicant argues
that the evidence was insufficient to support a finding that he violated the conditions of his probation;
that the drugs found at his residence were seized after a "bad faith" search and should not have been admitted against him; and
that the trial court abused its discretion by revoking his probation rather than selecting a less drastic alternative.
The applicant was required to comply with the probationary conditions of CCrP Art. 895 and specifically, not to associate with anyone using drugs. These conditions of Art. 895 are relevant:
(1) Refrain from criminal conduct;
(2) Report to the probation officer as directed;
(3) Make a full and truthful report at the end of each month;
(4) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;
(5) Permit the probation officer to visit him at his home or elsewhere.
The evidence supports the exercise of discretion and the judgment. CCrP Art. 900.

FAILURE TO REPORT
The sentence was suspended on April 29, 1985, but applicant did not report for his initial processing until May 31. He then failed to report for the months of June and July and it was only after Probation Officer Brewster twice contacted him in person (August 14 and 28) that he reported on August 29. Sutton testified that he went by the probation office in June and July and filled out reports. However, the probation office had no record of any such reports being made and the trial court obviously did not believe the testimony of Sutton and his witnesses. We find no error in this credibility assessment.

ASSOCIATION WITH A DRUG USER AND/OR A DISREPUTABLE PERSON
Kathleen Simmons was living in Sutton's apartment on August 14 when the probation officers went there, although she was not then present. Sutton testified that he had known Simmons for five years. Probation Officer Brewster testified that he previously had Simmons under supervision and had confiscated drugs from her possession. Brewster testified that Simmons had a "string of convictions" for prostitution and theft. Although Officer Brewster instructed Sutton not to associate with Simmons on August 14 and repeated that instruction on August 29, Brewster found Simmons to be yet living in Sutton's apartment on September 25, 1985.

REFRAIN FROM CRIMINAL ACTIVITY
Probation officers conducted a search of applicant's residence on August 14, 1985, for the purposes of executing an arrest warrant for Ms. Simmons and of contacting *1373 Sutton about his failure to report. Sutton told the officers that Simmons was "not at home." A search was conducted and a syringe was found which contained residue later identified as a CDS. Sutton was present in the apartment when the contraband was found. He explained, however, that he did not know where in the apartment the contraband was found and that he had no prior knowledge of such contraband being in the apartment.
Sutton argues that this evidence should be excluded as a result of a "bad faith" search by the officers. We disagree. Sutton was required by the terms of his probation to permit his probation officer to visit him at his home to insure that he was complying with the condition of his probation. The exclusionary rule is not generally applicable in a probation revocation hearing.
The primary purpose of probation is to promote the rehabilitation of the criminal by allowing him to reintegrate into society as a constructive individual, without being confined for the term of a prison sentence. Protection of society is also a factor in probation and probation revocation.... Because violations of conditions of probation may indicate that the probationer is not ready or is incapable of rehabilitation, it is extremely important that all reliable evidence relevant to probation's conduct be available during probation revocation proceedings. To apply the exclusionary rule to probation revocation hearings would, therefore, inevitably frustrate the remedial purposes of our probation system by impeding the court's ability to assess a probationer's conduct. State v. Davis, 375 So.2d 69, 73-74 (La.1979)
It is only when an illegal search or seizure has been conducted by police officers in bad faith and is purposely directed at a probationer by officers with knowledge of his status that the court should exercise its discretion to exclude such evidence. Davis, supra.
Nothing in this record indicates that the probation officers were in bad faith when they searched Sutton's apartment. They held a valid arrest warrant for Ms. Simmons. Sutton had failed to report to his probation officer as required by the terms of his probation. Probation officers have a right and the duty to visit a probationer at his residence to inquire as to the reason for his failure to report and to determine his compliance with the conditions of his probation. Probation officers may take reasonable steps to determine if a probationer has been using illegal drugs or associating with a drug user. The evidence was properly admitted. Even if we assume the evidence was insufficient to show that Sutton was using illegal drugs, the inference that Sutton was "associating" with a drug user may be drawn from that evidence.
Applicant finally contends that the trial court abused its discretion by revoking probation rather than choosing a less drastic alternative. Under CCrP Art. 900, if the court decides that the probationer has violated, or is about to violate, a condition of probation it may:
(1) Reprimand and warn the defendant;
(2) Order that the supervision be intensified;
(3) Add additional conditions to the probation;
(4) Order that the probation be revoked.
This article affords wide latitude to the trial court and allows the exercise of sound judicial discretion under the facts of each case, the seriousness of the violation, and the needs of the probationer. State ex rel. Robertson v. Maggio, 341 So.2d 366 (La. 1976).
The trial court expressly reviewed the facts of this case, the testimony presented, and the alternatives available under Art. 900, before deciding to revoke applicant's probation. Sutton's sentence was amended to three years, from four years, at hard labor and Sutton was given credit for time served.
We find no error or abuse of discretion and AFFIRM.