583 So.2d 499 (1990)
STATE of Louisiana, Plaintiff-Respondent,
v.
Michael A. PRICE, Defendant-Relator.
Nos. K90-1160, K90-1161.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1990.
*500 George Higgins, Pineville, for defendant-relator.
Thomas Willson, Asst. Dist. Atty., Alexandria, for plaintiff-respondent.

ORDER
Michael A. Price has filed with this court what he designated as appeals seeking review of the revocation of a sentence of home incarceration and sentences of imprisonment. We have concluded that our jurisdiction is supervisory, and that, for review purposes, the revocation of a sentence of home incarceration imposed pursuant to La.C.Cr.P. art. 894.2 should be treated the same as a revocation of probation. The language used in article 894.2 indicates that the legislature intended home incarceration to closely follow the requirements of probation. Thus, any request for review of the trial court's actions is by application for supervisory writs, not by appeal. Accordingly, on our own motion we convert relator's appeals to applications for supervisory writs.
The only issues which have been considered are those relating to the revocation of home incarceration and imposition of sentences of imprisonment. Since the procedures for home incarceration should closely follow probation, all issues concerning the original imposition of home incarceration should have been presented for review in an appeal following the April 14, 1989, sentencing. See State v. McDonald, 471 So.2d 834 (La.App. 2 Cir.1985), writ denied, 475 So.2d 1104 (La.1985).
A review of the record of this case reveals two errors patent. Although an error patent review is required for appeals by La.C.Cr.P. art. 920, such review may also be conducted in applications for supervisory writs. State v. Forest, 571 So.2d 893 (La.App. 5th Cir.1990).
By Act 10 of 1989, 1st Extraordinary Session, home incarceration became no longer available for defendants convicted of violating La.R.S. 14:98, driving while intoxicated. Since relator was sentenced to home incarceration on convictions of two counts of driving while intoxicated, third offense, after the effective date of this amendment, his sentences were illegal. The trial court also failed to comply with the condition of La.C.Cr.P. art. 894.2 A(2) which required that he obtain the recommendations of the division of probation and parole regarding whether home incarceration was appropriate for relator and, if so, what specific conditions should have been imposed. However, we regard these errors patent as having been rendered moot since relator's sentences of home incarceration have been revoked by the trial court and we are denying writs from that revocation.
Relator argues that the revocation hearing, conducted 361 days after his arrest for DWI 3rd offense, was not timely instituted. The Motion for Revocation was filed within four months of relator's guilty plea and sentencing for the DWI 3rd offense which occurred while relator was serving home incarceration. Relator has failed to establish that the state unnecessarily delayed the revocation hearing or that he was prejudiced.
At the revocation hearing, with retained counsel present, the relator admitted under oath that he was arrested and that he pled guilty to his fourth DWI 3rd offense while serving his sentence of home incarceration. Since relator's revocation was based upon his conviction for a subsequent *501 crime, the five due process guarantees for revocation of parole or probation, as set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), are not fully applicable. The arrest and prosecution of a parolee for a criminal offense is, in itself, adequate protection against the evils and possible abuses of due process which Morrissey was intended to guard against. State ex rel. Bertrand v. Hunt, 308 So.2d 760 (La.1975). Relator admitted his subsequent conviction and therefore should not be allowed to relitigate these issues.
Relator also complains about not receiving a certificate of conditions of his sentence of home incarceration as required by paragraph D of Article 894.2. As with probation, La.C.Cr.P. art. 895(C), the purpose of a certificate of conditions is to assure that a defendant has adequate knowledge of a special or unusual condition, the violation of which may result in revocation. State v. McDonald, 471 So.2d 834 (La.App. 2 Cir.1985), writ denied, 475 So.2d 1104 (La.1985), and State v. Davis, 480 So.2d 495 (La.App. 5 Cir.1985). Relator was specifically informed by the trial judge, at the original sentencing, that during home incarceration he was to refrain from criminal conduct, in particular driving while intoxicated, the conduct which had resulted in numerous previous convictions. Relator has failed to establish that he was prejudiced by not receiving a certificate of conditions. He knew he violated a condition of home incarceration and admitted this at the revocation hearing.
Relator also claims that he is entitled to credit towards his new sentences for time served from his arrest until revocation. Relator acknowledges that Article 894.2(I) specifically prohibits credit for time served under home incarceration if home incarceration is revoked, yet he argues that "under any theory of law" credit should be given. The time relator spent in jail from his arrest on July 9, 1989, until revocation was credited to the five year sentence imposed for the July 9, 1989, DWI 3rd offense. Relator apparently wants double credit for the 361 days he spent in jail. There is no authority for this.
Article 894.2 G limits the term of home incarceration but does not expressly limit the length of any sentence imposed after revocation. The sentence imposed after revocation is limited only by the terms and conditions set forth in the applicable criminal statute. Since relator could have been sentenced to one to five years on each count in the present cases, with or without hard labor, and he was ultimately sentenced to two years at hard labor on each count, the sentences imposed after revocation of home incarceration are within the statutory term and conditions. Also, the length of the sentence imposed after revocation is not excessive considering relator's criminal history of seven DWI convictions in less than seven years.
Other arguments raised by relator will not be considered as they were either not properly briefed or were not specified as an assignment of error. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Guidry, 524 So.2d 1254 (La.App. 3 Cir.1988).
Accordingly, relator's application for supervisory writs is denied.
WRIT DENIED.