ORDER
Granted. If the district court had not erroneously revoked relator’s probation in April of 1978, see State v. McGhee, 380 So.2d 74 (La.1980), relator’s probationary term would have expired on December 12, 1980, five years from the date that it was imposed after relator’s conviction for felony theft. Cf., State ex rel. Robertson v. Maggio, 341 So.2d 366, 370 (La.1976). The state did not file its second rule to revoke until March of 1981, three months after the probationary term was set to expire and eleven months after relator violated the terms of probation as clarified in March of 1980 by the district court when it responded to this court’s direction in State v. McGhee, supra. The state had ample time in which to serve the non-fugitive relator with a rule to revoke probation after his violation and before the end of the probationary term in December of 1980. Its rule filed after that term expired therefore came too late. State v. Martins, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973). Relator is ordered released immediately from state custody and supervision on this 1975 charge and sentence for felony theft.
LEMMON and COLE, JJ., dissent from the order.