600 So.2d 785 (1992)
STATE of Louisiana
v.
Vertez CLARK.
No. 92-KA-17.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
*786 Harry Morgan, Asst. Dist. Atty., Hahnville, for plaintiff/appellee.
Joseph J. Tosh, Gretna, for defendant/appellant.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Vertez Clark, challenges the revocation of his probation. We note at the outset that revocation of probation is not an appealable judgment. La. C.Cr.P. art. 912. As this court may consider such an appeal as an application for supervisory writs, we shall do so in the interest of judicial economy. State v. Armour, 564 So.2d 360 (La.App. 5th Cir. 1990), writ denied 569 So.2d 961 (La.1990); State v. Price, 583 So.2d 499 (La.App. 3rd Cir.1990), writ denied 589 So.2d 494 (La. 1991).
The state originally charged the defendant with carnal knowledge of a juvenile, in violation of LSA-R.S. 14:80. After entering a plea of not guilty, the defendant withdrew that plea and tendered a guilty plea. The trial court accepted the guilty plea and sentenced the defendant to serve five years at hard labor, but suspended that sentence and ordered the defendant to serve one year in parish prison followed by three years on active probation. During the defendant's probationary period, the state filed a rule to revoke alleging that the defendant violated the conditions of his probation. At the revocation hearing the defense offered to stipulate that a violation of the probationary conditions had occurred; nevertheless, the trial court conducted a full hearing on the revocation rule and concluded that the defendant had violated his probation by engaging in criminal activity. The court ordered the suspended sentence to be made executory, subject to credit for time already served. The defendant then filed this appeal.
The defendant assigns the following errors: (1) no proof of a certificate setting forth conditions of probation, as provided in La.C.Cr.P. art. 895(H), was introduced at the revocation hearing; (2) the judge did not inform the defendant of all general and special conditions of probation; and (3) the judge abused his discretion in revoking probation based on a misdemeanor conviction, when there were less drastic options.

Assignment of Error Number One: Absence of certificate.
La.C.Cr.P. art. 895(H) requires that a probationer "be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions." The defendant argues for the first time on appeal that his probation was improperly revoked, because the state offered no evidence that the defendant had been furnished a certificate of probationary conditions. By not raising this issue in the trial court, the defendant has failed to perfect this matter for review by this Court. State v. McDonald, 471 So.2d 834, 836 (La. App. 2nd Cir.1985), writ denied 475 So.2d 1104 (La.1985). However, we note that this circuit specifically rejected the defendant's argument in State v. Davis, 480 So.2d 495 (La.App. 5th Cir.1985). In that case it held under similar circumstances that the state's failure to produce the probationary conditions certificate did not warrant reversal of a revocation, where the defendant knew that a commission of any offense would cause his probation to be revoked. See also State v. McDonald, supra, at 837. As will be discussed more fully below, Vertez Clark was admonished by the judge at the time of sentencing for the first conviction that if he got into any further trouble he could be required to serve the five years. There is no merit in this assignment of error.

Assignment of Error Number Two: Failure to inform defendant of all conditions of probation.
The defendant contends that his probation was illegally revoked, because no evidence exists to establish that the trial judge imposed the conditions of the defendant's probation. The record in this case refutes this contention. The trial court revoked probation based on the defendant's criminal conviction. The trial judge specifically warned the defendant against criminal *787 activity when he originally sentenced the defendant and placed him on probation. Moreover, the sentencing transcript reflects a clear understanding by the defendant of his obligation to refrain from criminal activity as a condition of his probation.
The following exchange took place at the sentencing hearing:
COURT
... While on probation if you fail to obey the rules and regulations of your probation officer, or if you get into any further trouble with the law, you will could be required to do the five years. You understand that?
DEFENDANT
Yes, sir.
COURT
Now, at the request of your attorney, at the request of your family, I am going to allow you until 8:00 o'clock AM January 2 to report to the jail and start serving your sentence. You are absolutely to remain away from this victim, any members of her family, or any other young people, you understand that, during this period of time.
DEFENDANT
Yes, sir.
COURT
Your failure to do that or your failure to appear in court, appear to begin serving your sentence, will result in your doing the five years with the Louisiana Department of Corrections. You understand that?
DEFENDANT
Yes, sir.
COURT
OK. Don't fail.
At the revocation hearing the defense counsel offered to stipulate that Clark had violated a condition of his probation and conceded that the defendant had been convicted of contributing to the delinquency of a juvenile while on probation. The probation officer testified, confirming the conviction and stating that he had warned Clark specifically not to associate with juveniles on at least two occasions. We find no merit in this assignment of error.

Assignment of Error Number Three: Failure to taken a less drastic measure than revocation.
The defendant urges that, considering the facts of this case, the trial judge erred in revoking the defendant's probation. Citing La.C.Cr.P. art. 900, the defendant contends that a sanction less drastic than revocation was called for in this matter. At the revocation hearing, defense counsel suggested that an extension of the defendant's probation would be appropriate.
Article 900 of the Louisiana Code of Criminal Procedure establishes a broad range of sanctions which the trial court may impose for probation violations; however, La.C.Cr.P. art. 901 makes it clear that revocation is authorized when, as in this case, a defendant on probation for a felony is convicted of a misdemeanor. The trial court has broad discretion in revocation proceedings to revoke probation or to impose a less drastic sanction. State ex rel. Robertson v. Maggio, 341 So.2d 366 (La. 1976); State v. Sutton, 494 So.2d 1371 (La.App. 2nd Cir.1986).
Despite the defendant counsel's offer to stipulate as to his violating a condition of parole, the trial judge required testimony at the revocation hearing in an apparent effort to determine the appropriate sanction under La.C.Cr.P. art. 900.
The defendant was originally convicted of carnal knowledge of a 13-year old female, a felony. While counsel acknowledged that Clark had been convicted of a misdemeanor, contributing to the delinquency of a juvenile, he explained that two girls had been playing hooky from school and had telephoned the defendant. He then picked them up and let them stay at his residence while he attended to some errands.
In stating its reasons for revoking probation, the trial court noted that the defendant had been instructed by the court to guard against any further involvement with juveniles and that the defendant had failed to follow that instruction as evidenced by the conviction for contributing to the delinquency of minors. Based on a *788 thorough review of the record, there is no indication that the trial judge abused his discretion in revoking the defendant's probation. State ex rel Robertson v. Maggio, supra. This assignment of error lacks merit.

Errors Patent
Our review of the record has revealed no errors patent other than the lack of a right to appeal the revocation of probation, as discussed above.
For the reasons assigned, we find no error or abuse of discretion in the revocation of the defendant's probation.
WRIT DENIED.