PER CURIAM.
Granted. The district court erred when, on March 2, 1990, it revoked the probation of indigent relator solely for non-payment of various fees assessed as the conditions of his probation in the absence of specific findings of a willful refusal to pay or consideration of whether alternative forms of punishment were inadequate to satisfy the state’s interest in punishment and deter *483 rence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Duncan, 604 So.2d 1317 (La.1992); State v. Conley, 570 So.2d 1161 (La.1990); State v. Conley, 565 So.2d 424 (La.1990).
Had the district court not erroneously revoked probation in March of 1990, relator’s probationary term would have expired April 15, 1992, five years from the date it was imposed upon conviction for distribution of marijuana, committed in December of 1984. La.R.S. 40:966(A). Cf., State v. McGhee, 591 So.2d 699 (La.1992); State ex rel. Robertson v. Maggio, 341 So.2d 366, 370 (La.1976).
Relator is ordered discharged immediately from state custody and supervision on this 1984 conviction and sentence for distributing marijuana.
LEMMON, J., dissents.
HALL, J., not on panel.