558 So.2d 770 (1990)
STATE of Louisiana
v.
Gerald CHELETTE.
No. 89-KA-675.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
*771 R.O. Lewis, Luling, for appellant.
Harry J. Morel, Dist. Atty., Gregory C. Champagne, Asst. Dist. Atty., Hahnville, for appellee.
Before CHEHARDY, C.J., and BOWES and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Defendant, Gerald Chelette, appeals from a judgment which revoked his probation on the basis that he failed to pay restitution as ordered by the trial judge. Defendant was placed on five years probation with several special conditions imposed on him pursuant to his guilty plea to negligent homicide, a violation of LSA-R.S. 14:32.
The issue on appeal is whether the trial judge erred in revoking defendant's probation.
In January 1985 defendant was charged with negligent homicide. Later that year he pled guilty to the charge and was sentenced to five years imprisonment at hard labor. The sentence was thereafter suspended and defendant was placed on active probation for five years subject to the special condition that he serve six months in the parish prison; that he pay $5,000 restitution to each minor child of the deceased, or a total of $10,000.00 with the terms and conditions to be provided by the probation officer; that he refrain from the use of alcohol, drugs and firearms during the probation period; that he enroll in a substance abuse program and that he pay a $25.00 Boykin fee and a $100.00 probation supervisor fee.
Defendant fulfilled the conditions of probation except that from 1985 through 1988 he only paid $2,975.00 of the $10,000 he owed the family of the victim. In August 1989 a revocation hearing was held. Following the hearing the trial judge revoked defendant's probation on the basis defendant was not making a sincere effort to pay restitution.
In a revocation proceeding based on the defendant's failure to pay a fine or restitution, the trial court must inquire into the reasons for failure to pay. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). If the defendant cannot pay, yet has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. Bearden v. Georgia, supra; State v. Coates, 528 So.2d 595 (La.App. 2nd Cir.1988). Examples of alternative punishments include extending the time for payments, reducing the fine, or directing the defendant to perform some form of labor or public service in lieu of a fine or restitution. Bearden v. Georgia, supra, State v. Coates, supra. However, if alternative measures are not adequate to meet the state's interests in punishment and deterrence, then the court may impose *772 imprisonment on a defendant who has failed to pay the obligation, despite bona fide efforts to do so. Bearden v. Georgia, supra.
In this case the defendant, a laborer, and his probation officer testified defendant was unemployed, but had sought employment unsuccessfully. They stated he regularly submitted a list of places he had applied to for work and had each name initialled by a person in the particular office to verify his efforts. While it was admitted defendant could have forged the initials, the testimony unequivocally indicated the employment situation in the area was poor. He did, however, state he occasionally earned some income by cutting grass.
Defendant testified he had been offered jobs out of state, but turned them down because his previous probation officer and the local sheriff informed him he could not get permission to leave. He also asserted this was verified by his present probation officer, but that gentleman, Michael Arabie, denied speaking to defendant about out-of-state work. However, Arabie was satisfied with defendant's efforts to obtain employment. Defendant stated he would be willing to relocate wherever he could find a job.
The evidence shows defendant is married and has four children between the ages of five and fifteen to support. He stated his wife, after numerous unsuccessful attempts to find work, had two days before the trial finally found a part-time position at a local store. Defendant stated he had applied there as well but no jobs were available for male laborers.
In response to questioning about his assets, defendant stated his mother had been paying his bills, but that he was still several months behind on his rent. He asserted the family income derived from occasional yard work jobs, food stamps and a social security check belonging to his step-daughter which she receives as a result of her father's death. Because of that check he believed he was ineligible for further welfare assistance. He also owns a 1977 pick-up truck and has an interest in a personal injury lawsuit against a local refinery, and, as to that, he had already assigned his interest to the victim's wife to the extent of the restitution he owed the victim's family.
Despite this uncontradicted evidence of defendant's indigent status, the trial judge found defendant was willfully avoiding his restitution obligations. We find this to be an abuse of the trial court's discretion in that the evidence shows defendant has made bona fide attempts to seek the means by which he can pay the restitution. We also note there were no terms to defendant's payment of the restitution and thus under the conditions of probation he could pay the amount owed anytime prior to expiration of the five-year probation period. Because of this finding, a remand is appropriate in order to allow the trial judge an opportunity to determine if and/or what alternative measures are available to complete the punishment for defendant's crime including the possibility of out-of-state employment in a supervised manner.
Accordingly, the trial court judgment revoking defendant's probation is hereby reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.