564 So.2d 795 (1990)
STATE of Louisiana
v.
James SPENCER.
No. 90-KA-163.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1990.
*796 Martha E. Sassone, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Parish of Jefferson, Eric Honig, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Gretna, for appellee.
Before CHEHARDY, C.J., and KLIEBERT and GAUDIN, JJ.
CHEHARDY, Chief Judge.
This matter comes before us on a writ of review we granted on February 16, 1990, in response to James C. Spencer's pro se writ application. At that time we also ordered that counsel be appointed to represent the relator on review.
The matter on which Spencer seeks relief is the revocation of his probation. In his writ application, he pointed out several alleged errors that he claimed invalidated the revocation proceedings.
The underlying facts are as follows:
On November 16, 1987, Spencer was charged by bill of information with three counts of violation of LSA-R.S. 14:69, receiving stolen things valued in excess of $500. The defendant originally pleaded not guilty, but withdrew that plea and pleaded guilty as charged on March 7, 1988. He was sentenced on November 14, 1988, to imprisonment at hard labor for two years on each count, to run consecutively. The sentence was suspended and the defendant was placed on active probation for two years on each count, to run consecutively, with the following special conditions of probation: to pay a minimum fee of $10 per month to the Department of Public Safety and Corrections, to enroll in a mental health clinic upon release from probation, and to make restitution to the victim.
On November 9, 1989, a rule to revoke probation was filed by the Department of Corrections. The rule was heard on January 4, 1990. Finding the defendant had engaged in criminal activity in Alabama, the trial court revoked his probation and sentenced him to two years at hard labor.
On February 9, 1990, the defendant filed his pro se writ; we granted a writ of review, as mentioned above, and ordered that the matter be docketed in accordance with established appellate procedure.
In his writ application, the defendant asserted the following errors: (1) that the convictions in Alabama, upon which the district court relied to revoke his probation, were illegal because he did not have the assistance of counsel; (2) that the rule to revoke his probation was not served upon him and he was not given the opportunity to call witnesses in his defense; (3) that the assigned counsel who represented him on the rule to revoke had not talked to him beforehand and was not given a chance to present his case; and (4) that the Alabama convictions were misdemeanors and thus could not be used to revoke his probation on felony convictions.
The appellate counsel assigned to represent him before this Court has made the following assignments of errors: (1) the trial court erred in revoking the defendant's probation; and (2) also assigned as error are any and all errors patent on the face of the record. Counsel asserts that the evidence was insufficient, but she does not set forth specifics of error, simply requesting this Court to examine the evidence and to examine the record for patent error.

ASSIGNMENT OF ERROR NO. 1
Encompassed under this assignment are the general assignment, by defendant's appointed counsel, and the defendant's specific claims that the convictions used to revoke his probation were inadmissible because they were uncounseled and were misdemeanor convictions.
In the rule to revoke probation, filed November 9, 1989, the Jefferson Parish *797 Probation and Parole Office alleged the defendant had violated several of the provisions and conditions imposed by the court on his probation:
First, that the defendant had failed to refrain from criminal conduct, because he had been arrested and convicted in Alabama of misdemeanor theft and, further, burglary charges were then pending against him in Alabama (the lattersubsequently dismissedwere not used as a basis for revocation); second, that the defendant had failed to make any payments in restitution to the victim; third, that the defendant had failed to make the required monthly report to his probation officer; and fourth, that he had not submitted any probation supervision fees as required.
At the January 4, 1990, hearing on the rule to revoke, Jerry West, the defendant's probation officer, testified that Spencer failed to refrain from criminal conduct in that he was arrested in Alabama for theft and was convicted of that charge. In addition, he had been convicted of public intoxication. In conjunction with this testimony West produced certified copies of the Alabama convictions, which took place September 7, 1989. West further testified that the defendant had failed to make restitution to the victim and had failed to make monthly reports.
The defendant was then called as a witness. He testified he had not made restitution to the victim because he had only a part-time job and was not making enough money to live on. He stated he had informed the probation officer that he could not afford to pay restitution at the time. Regarding the allegation of failure to make monthly reports to his probation officer, the defendant testified that the officer gave him a travel pass and his understanding was that his probation was to be transferred to Alabama within two months.
After listening to the testimony, the trial judge revoked the defendant's probation on the basis that the defendant had engaged in criminal activity in Alabama.
LSA-C.Cr.P. art. 901 provides, in pertinent part:
"A. * * * [W]hen a defendant who is on probation for a felony commits or is convicted of a felony under the laws of this state, or under the laws of another state, * * * or is convicted of a misdemeanor under the provisions of Title 14 of the Louisiana Revised Statutes of 1950, or is convicted of a misdemeanor under the provisions of the Uniform Controlled Dangerous Substances Law contained in Title 40 of the Louisiana Revised Statutes of 1950, his probation may be revoked as of the date of the commission of the felony or final conviction of the felony or misdemeanor."
Thus, violation of the conditions of probation may be shown either by establishing a criminal conviction or by actual proof of the commission of a crime, apart from conviction. State v. Davis, 375 So.2d 69 (La. 1979); State v. O'Conner, 312 So.2d 645 (La.1975).
In the present case, the State introduced certified copies of case summaries from the Muscle Shoals, Alabama, Municipal Court showing that the defendant pleaded guilty to misdemeanor theft and to public intoxication on September 7, 1989. These documents are insufficient to support the probation revocation, however, because they bear no indication that an attorney was present at the time the guilty pleas were entered.
In State v. Harris, 312 So.2d 643 (La. 1975), the Louisiana Supreme Court held that where a defendant's plea of guilty in another case had been made without benefit of counsel or waiver of his right to counsel, it could not be used as a basis for revoking his probation on the conviction before the court.
"However, this is not to hold that the underlying facts or evidence (as opposed to the conviction or plea itself), on which the prior conviction or plea is based can not be introduced at a probation revocation hearing to prove that defendant has in fact been guilty of misconduct which might constitute a violation of his probation."
Id., at 644.
Likewise, in State v. Varnado, 384 So.2d 440 (La.1980), the Supreme Court ruled *798 that the relator's uncounseled guilty plea to a charge of possession of marijuana was inadmissible and could not serve as a basis to revoke his probation on a prior aggravated battery conviction. See also, State v. Ellis, 458 So.2d 913 (La.1984).
In the present case, the State relied on certified copies of the Alabama court's documents, which indicated entry of guilty pleas but failed to show whether defendant had the benefit of counsel. The State introduced no evidence of the underlying facts of the criminal activity in Alabama. Accordingly, the district court erred in relying on this evidence to revoke the defendant's probation and the revocation must be vacated.
Although the court relied on criminal activity as the basis for the revocation, the State also presented evidence of the defendant's failure to make restitution. The defendant testified he had not paid restitution because his job was only part-time and did not provide enough money to live on. He stated he had informed his probation officer that he could not afford to make restitution at the time, but the probation officer testified the defendant had not offered him any explanation for his failure to pay.
In State v. Chelette, 558 So.2d 770 (La. App. 5 Cir.1990), we stated, at page 771-772:
"In a revocation proceeding based on the defendant's failure to pay a fine or restitution, the trial court must inquire into the reasons for failure to pay. * * * If the defendant cannot pay, yet has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. * * * Examples of alternative punishments include extending the time for payments, reducing the fine, or directing the defendant to perform some form of labor or public service in lieu of a fine or restitution. * * * However, if alternative measures are not adequate to meet the state's interests in punishment and deterrence, then the court may impose imprisonment on a defendant who has failed to pay the obligation, despite bona fide efforts to do so. * * *."
Under the circumstances here, we deem a remand necessary, in order for the trial court to determine whether the defendant made sufficient bona fide efforts to pay. If the court determines that he failed to make such efforts, then revocation of the defendant's probation may be justified.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant's appointed counsel assigns as error "any and all errors patent on the face of the record."
A review of the record reveals several discrepancies between the transcript and the minute entry. Generally, where there are discrepancies between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983).
First, the sentencing transcript indicates that the defendant pleaded guilty to two counts of receiving stolen property, but the commitment, waiver-of-rights form, and transcript of the guilty-plea proceedings all indicate he pleaded guilty to three counts. At the sentencing hearing, the prosecutor acknowledged that the defendant pleaded guilty to two counts and one count was dismissed. This discrepancy requires that the record be clarified.
Second, the sentencing transcript indicates that the defendant was ordered to pay restitution to Hanover Insurance Company in the amount of $2,209.21 within two years of his probation. However, the minute entry and commitment reflect neither the amount of restitution ordered by the court, nor the time frame within which it is to be paid. The minute entry and commitment must be amended in conformity with the transcript to state specifically the amount of restitution and the time frame for payment thereof.
Third, the trial judge did not make monthly reports to the probation officer a condition of the probation. LSA-C.Cr.P. art. 895 requires the court, not the probation *799 department, to impose the conditions of probation. Accordingly, that specific condition, which the State listed in its rule to revoke probation, cannot be used as a basis for revocation. See State v. Robert, 518 So.2d 1169 (La.App. 5 Cir.1988).

DECREE
For the foregoing reasons, the judgment revoking the defendant's probation is vacated and the case is remanded for further proceedings in accordance with this opinion, including the scheduling of further revocation proceedings.
VACATED AND REMANDED.