WICKER, Judge.
Defendant, Mackie Clark, was charged by Bill of Information with a violation of La.R.S. 40:971.1 in that he did knowingly and intentionally distribute a counterfeit substance held out to be cocaine. As part of a plea bargain, Clark entered a Crosby[1] guilty plea to La.R.S. 40:971.1, pursuant to La.C.Cr.P. Art. 893. He was sentenced to two years at hard labor. Execution of the sentence was suspended and the defendant was placed on inactive probation for two years. He was ordered to pay court costs and a $50.00 law enforcement fee. Additionally, he was ordered to perform 100 hours of community services. Defendant now appeals; we remand for resentencing.
Defendant specifies the following error: The trial judge erred in sentencing an indigent to pay fines, fees, and costs.
Since Clark was represented by the Indigent Defender Board at all times, his status as an indigent has been established. State v. Williams, 288 So.2d 319 (La.1974).
La.C.Cr.P. Art. 884 provides:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided *976 that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.
Article 884 allows the imposition of jail time in default of payment of a fine or costs. However, it is well established that an indigent defendant may not be sentenced to additional jail time in default of payment of fine or costs. State v. Conley, 570 So.2d 1161 (La.1990); see also State v. Boynton, 537 So.2d 821 (La.App. 5th Cir.1989).
In his brief, defendant cites State v. Conley, supra, and Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to support his position that “an indigent person may not be incarcerated because he is unable to pay the fine which is part of his sentence.” The Louisiana Supreme Court has cited Bearden, supra, for that same proposition. State v. Conley, supra.
In Bearden, supra, the United States Supreme Court considered the question of whether the 14th Amendment prohibited a state from revoking an indigent defendant’s probation for failure to pay a fine and restitution. In Bearden, the defendant pled guilty to burglary and theft by receiving stolen property. The court sentenced the defendant to three years probation for the burglary charge and a concurrent one year on probation for the theft charge. As a condition of probation, the trial judge ordered petitioner to pay a $500.00 fine and $250.00 in restitution. The defendant was to pay $100.00 that day, $100.00 the next day, and the $550.00 balance within four months. He paid $200.00 with borrowed funds. He was subsequently laid off and notified the probation office he would be late in paying. The state filed a petition seeking to have his probation revoked. The trial judge revoked his probation for failure to pay the balance; entered a conviction, and sentenced him to serve the remaining portion of the probationary period in prison. The United States Supreme Court concluded the trial judge erred in automatically revoking probation and remanded the matter for a new sentencing determination. In Bearden, supra, 103 S.Ct. at 2073-2074 the court held:
We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. [Footnote omitted].
* * * * * *
We do not suggest by our analysis of the present record that the State may not place the petitioner in prison. If, upon remand, the Georgia courts determine that petitioner did not make sufficient bona fide efforts to pay his fine, or determine that alternative punishment is not adequate to meet the State’s interests in punishment and deterrence, imprisonment would be a permissible sentence. Unless such determinations are made, however, fundamental fairness requires that the petitioner remain on probation.
Thus, the actual holding in Bearden, supra allows for imprisonment of indigent inmates who are unable to pay their fines under limited circumstances.
*977 In the instant case the trial judge did not impose additional jail time in default of payment. This sentence is therefore constitutional.
We have also reviewed the record for errors patent and have noted a discrepancy between the sentence as imposed by the trial judge and as it appears on the minute entry. The minute entry indicates that the trial judge imposed the court costs, fees, and community service hours as special conditions of probation; however, the transcript and commitment do not so reflect. In sentencing the defendant, the trial judge stated:
The Court sentences you to two years at hard labor. I will suspend that sentence and place you on two years inactive probation. I will order you to pay court costs and a $50.00 law enforcement fee. I will also order you to do 100 hours of community services.
The trial judge did not specifically state he was imposing special conditions of probation. Where there are discrepancies between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). Since the court costs, fees, and community service hours were not imposed as conditions of probation those conditions are illegally excessive because they are not part of the penal provision for the offense to which the defendant pled guilty, i.e., La.R.S. 40:971.1. Accordingly, for the reasons stated we set aside the sentence and remand for resen-tencing. We note that a resentencing judge should consider the intent of the judge originally imposing the sentence and that the record of the resentencing should reflect such consideration. State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991). We also note the sentence was imposed as a plea bargain agreement. If the plea bargain cannot now be fulfilled, the proper remedy would be for the trial judge to vacate the plea, thereby placing the defendant in the same position as he would have been prior to his guilty plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
SENTENCE VACATED; MATTER REMANDED FOR RESENTENCING.

. State v. Crosby, 338 So.2d 584 (La.1976).