594 So.2d 581 (1992)
STATE of Louisiana
v.
Edward DABNEY.
No. 91-KA-770.
Court of Appeal of Louisiana, Fifth Circuit.
February 18, 1992.
Rehearing Denied March 17, 1992.
Writ Denied May 22, 1992.
*582 John M. Mamoulides, Dist. Atty., Caren Morgan, William C. Credo, II, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Gretna, for plaintiff-appellee.
Calvin A. Fleming, III, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, C.J., and DUFRESNE and GOTHARD, JJ.
KLIEBERT, Chief Judge.
Edward Dabney seeks review of the revocation of his probation for alleged violations of probationary conditions. For the reasons assigned, we set aside the revocation and remand the matter for further proceedings.

FACTS
Following his conviction by guilty plea to violation of La.R.S. 40:967, possession of cocaine, on December 12, 1989 the defendant-appellant was sentenced to two years imprisonment at hard labor, which was suspended. The court placed him on active probation for five years and, as special conditions of probation, ordered him to pay a $100 fine and various court fees.
On December 14, 1990 the defendant's probation officer filed a rule to revoke probation alleging that the defendant had violated various conditions of probation. After a hearing on that rule, the trial court revoked the defendant's probation and reimposed the original two-year prison sentence. The defendant applied to this Court for a writ of review, which was granted with an order that the matter be docketed under established appellate procedure.
As special conditions of the defendant's probation, the trial judge had ordered payment of a $100 fine, as well as court costs and fees totalling $650 and a $10 monthly supervision fee. Shortly after sentencing, the defendant and his probation officer both signed a form entitled "Conditions of Probation," which incorporated the above special probationary conditions and also specified the general conditions of the defendant's probation. The first general condition required that the defendant "[r]efrain from criminal conduct, specifically the violation of any State, Federal, Local or Municipal Law."
The Rule to Revoke Probation, executed under oath by the probation officer and filed with the trial court, alleged several grounds for the revocation of the defendant's probation. Among those grounds was criminal conduct by the defendant in violation of the first general condition of probation.
The defendant's probation officer testified at the revocation hearing that the defendant had been arrested several times since the commencement of his probation. Over a six-month period beginning in January, 1990, the defendant was arrested on six occasions and charged with offenses that included aggravated assault, second-degree battery, simple battery, resisting a police officer, battery on a police officer, and simple burglary of an inhabited dwelling. Most of the charges were dismissed or refused. At the time of the revocation hearing, however, the charges for resisting a police officer and battery on a police officer had been accepted for prosecution and were set for trial.
After hearing the evidence, the trial judge concluded that the defendant's activities amounted to criminal conduct violating the first general condition of his probation. The judge then revoked the defendant's probation.

*583 ASSIGNMENT OF ERROR
The issue raised by the defendant is whether his probation was properly revoked. He contends the condition on which the trial court relied is an invalid basis because the court did not order him to refrain from criminal activity as a condition of his probation.
Although he concedes that he signed a form entitled "Conditions of Probation," which specified that he refrain from criminal conduct as a probationary condition, he points out that he executed the form with his probation officer after the trial court had sentenced him and had already imposed the conditions of his probation. Thus, he argues, any criminal offenses he allegedly committed during his probationary period could not be used as a basis for revocation. He cites this Court's decision in State v. Spencer, 564 So.2d 795 (5th Cir.1990), as authority for his position.
The defendant's reliance on the Spencer case is misplaced. In that case we did hold, among other things, that probation cannot be revoked for violating a condition not imposed by the trial judge. The record in this case, however, does not support the defendant's contention that he was not required to refrain from criminal activity in order to avoid revocation of his probation.
La.C.Cr.P. art. 895(A) states, "When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct...." This is a mandatory general condition of probation. Here, the sentencing transcript discloses that the trial judge warned the defendant against unlawful conduct when probation was imposed and that the defendant stated clearly that he understood the judge's warning.
In addition, the "Conditions of Probation" form executed by the defendant set out the conditions of his probation, including the mandate that he refrain from criminal conduct. La.C.Cr.P. art. 895(H) requires that a defendant placed on probation "shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions." Accordingly, the defendant's contention that he was not ordered to refrain from criminal conduct is meritless. State v. Davis, 480 So.2d 495 (5th Cir.1985).

DUE PROCESS DEFECT
There is, however, an error in these proceedings that requires us to set aside the probation revocation. Specifically, our review of the record discloses a due process defect which we are required to address on appeal, although it is not raised by the defendant. State v. Raymo, 419 So.2d 858 (La.1982).
At a revocation hearing, the State may show a violation of the conditions of probation either by establishing a conviction or by proof of the actual commission of a crime, apart from conviction. State v. Davis, 375 So.2d 69 (La.1979); State v. Spencer, supra.
In this case, the State's proof of the defendant's criminal activity consisted of the probation officer's testimony that the defendant had been arrested numerous times while on probation. The charges were either refused or dismissed on all but two of the arrests. Those two resulted in charges against the defendant for resisting a police officer and for battery on a police officer. The probation officer testified at the revocation hearing that trial on these two charges had been scheduled. However, the trial of the defendant on those charges had not yet occurred at the time of the revocation hearing.
Further, the State offered no evidence at the revocation hearing to show that the defendant committed the two offenses with which he was charged. The trial court, therefore, revoked the defendant's probation on the basis of criminal conduct without proof either that he had been convicted of a criminal offense or that he actually committed the offense. Thus, the defendant's probation was improperly revoked. State v. Davis, supra; State v. Spencer, supra.

DECREE
For the foregoing reasons, the order revoking the defendant's probation and ordering that his sentence be made executory *584 is hereby set aside. The case is remanded to the district court for further proceedings consistent with the views expressed in this opinion.
SET ASIDE AND REMANDED.