WICKER, Judge.
The defendant, Jerome Williams, challenges the revocation of his probation. He was charged with possession of cocaine, in violation of La.R.S. 40:967. He pled guilty and after a Boykin colloquy was sentenced to a suspended two-year parish prison term. The trial judge placed the defendant on active probation for one year and imposed as special conditions of that probation the payment of a $750.00 IDB fine and the payment of various court costs and fees. During the probationary period, the state filed a rule to revoke the defendant’s probation, alleging the defendant failed to make the payments prescribed as special conditions of his probation. The trial court heard that rule and extended the defendant’s probation period for 18 months to allow him additional time to make the required payments. Several months later the state filed another rule to revoke the defendant’s probation, again alleging the defendant failed to make the payments imposed as special conditions of his probation. After hearing that rule, the trial court revoked the defendant’s probation and ordered him to serve a two-year parish prison sentence. On appeal Williams now assigns the following error:
The trial court erred in sentencing an indigent to pay fines, fees and costs, and revoke probation upon his failure to pay.
The defendant was placed on active probation, subject to the following conditions:
1. Payment of a $750.00 IDB fine.
2. Payment of court costs totaling $225.00.
3. Payment of a $15.00 per month probation supervision fee.
Consistent with the plea agreement, the court ordered the defendant to pay the IDB fine and court costs within 90 days or by November 8, 1989. The record reflects *710 that the defendant made a single payment of $140.00 on January 22, 1990. Although the trial judge authorized the defendant to defer payment of the remaining balance until March 12, 1990, the defendant failed to make any additional payments and the state filed a rule to revoke the defendant’s probation. After hearing that rule on January 14, 1991, the trial court extended the defendant’s probation for an 18 month period and ordered as an additional probationary condition that the defendant obtain outpatient treatment in the Veterans Administration substance abuse program. The state filed another rule to revoke the defendant’s probation on May 15, 1991. That rule alleged several violations of the defendant’s probationary conditions, including an allegation that the defendant failed to satisfy payment of the fine and costs originally assessed by the trial court. The court heard that rule on October 30, 1991, at which time the judge revoked the defendant’s probation and sentenced him to serve two years in parish prison, subject to credit for time already served.
The defendant urges that the trial court erred when it revoked his probation on the basis of his failure to pay a fine and costs. He argues the original sentence imposing payment of the fine and costs as conditions of his probation was unconstitutionally excessive because of his indigent status at the time of sentencing.
As a preliminary matter, the record reflects that the defendant filed an appeal of his probation revocation. Although the right to appeal a probation revocation does not exist, we use our discretion to consider this appeal as an application for supervisory writs, in the interest of judicial economy. State v. Armour, 564 So.2d 360 (La.App. 5th Cir.1990), writ denied, 569 So.2d 961 (La.1990).
The defendant appeared for trial represented by the Indigent Defender Board. However, retained counsel had represented the defendant in these proceedings until the week prior to trial. In its brief, the defense cites a recent revocation decision by the Fifth Circuit in which this Court ruled that the defendant’s status as an indigent was established through the record’s disclosure that he was represented by the Indigent Defender Board at all times. State v. Clark, 593 So.2d 975, 976 (La.App. 5th Cir.1992). Based on that ruling, the defendant in this case argues that his status as an indigent was established by his representation at trial by the Indigent Defender Board. Although that argument ignores the defendant’s representation by retained counsel for virtually the entire pretrial phase of this case, the factual similarities between the present case and Clark provide sufficient grounds for the defendant’s contention that he was an indigent at the time of his original sentencing.
The defendant’s further contention that an indigent may not be sentenced to pay a fine and costs, however, is an inaccurate statement of law. An indigent defendant may not be sentenced to additional jail time for failure to pay a fine or costs. State v. Conley, 570 So.2d 1161 (La.1990); see also State v. Boynton, 537 So.2d 821 (La.App. 5th Cir.1989). Nevertheless, indigent defendants who are unable to pay their fines are subject to imprisonment under limited circumstances. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Conley, supra; State v. Clark, supra.
In Bearden, the United States Supreme Court held that:
[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interest in punishment and deterrence may the court imprison a *711 probationer who has made sufficient bona fide efforts to pay.
461 U.S. at 672, 103 S.Ct. at 2073.
At the time of his original sentencing, the defendant agreed to pay a $750.00 fine and court costs as part of his plea agreement with the state. Payment of the fine and court costs was specified as part of the defendant’s sentence in the Boykin waiver of rights form signed by the defendant prior to the trial court’s acceptance of the guilty plea. The transcript of the Boy-kin colloquy between the defendant and the trial judge reflects that the defendant fully understood his sentence to include payment of the fine and court costs. The defendant actively bargained for payment of the fine and court costs as part of his plea agreement with the state. If the defendant found himself unable to fulfill the financial conditions of his probation, the most equitable remedy available to him was to petition the court, before institution of revocation proceedings, to vacate his guilty plea and thereby place him in the same position as prior to that plea. State v. Caballero, 464 So.2d 939 (La.App. 4th Cir.1985).
The first revocation proceeding against the defendant resulted in a 18-month extension of the probation period to allow the defendant additional time to comply with the probationary conditions, including payment of the fine and costs. When payments became delinquent, the state initiated the second revocation proceeding. The defendant testified at the hearing on the second revocation proceeding that he had only been employed for two brief periods during his probation. He worked for two months in the employ of a private club and for one week as an assistant to his father on a paving job. On neither occasion did the defendant make an attempt to forward even a nominal payment to the state. The defendant did not exert reasonable effort to secure further employment or an alternate means of paying the fine and court costs. Considering the defendant’s lack of bona fide efforts to pay his fine and court costs, the trial court properly revoked probation in this case. Bearden, supra. merit. This assignment lacks
Accordingly, for the reasons stated the writ is denied.
WRIT DENIED.