THOMAS F. DALEY, Judge Pro Tern.
This is a consolidated appeal from a probation revocation. Cory Castille plead guilty to two (2) criminal charges on October 24,1989. In matter no. 98-KA-243 Cory Castille was charged by a Bill of Information filed on November 4, 1988, with possession of marijuana with intent to distribute. On October 24, 1988, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. Castille was sentenced to five (5) years in the Department of Corrections. The execution of the sentence was suspended and the defendant was placed on two (2) years active probation. A special condition of probation included a $1,000.00 fine plus court costs and payment of a $10.00 per month fee to the probation department. In matter No. 98-KA-244 Cory Castille was charged by a Bill of Information filed on June 22, 1989, with attempted theft of cable valued at $1,000.00. On October 24,1989, he withdrew his former plea of not guilty and entered a plea of guilty as charged. Castille was then sentenced, to one (1) year in the Department of Corrections. The execution of the sentence was suspended, and the defendant was placed on two (2) years active probation. A special condition of the probation included a $200.00 fine, restitution in the amount of $1,000.00, as well as, numerous costs and fees.
During October, 1991, Castille’s probation officer filed a Rule to Revoke his probation in both criminal matters for various violations of the conditions of probation. A hearing on the Rules to Revoke was held on June 17, 1992. As a result of the hearing, the Court revoked Castille’s probation in both criminal cases. In matter 93-KA-244, Castille’s one (1) year .sentence was made executory with credit for time served. In matter 93-KA-243, Castille’s five (5) year sentence was made executory with credit for time served. The sentences are to be served concurrently.
Defendant filed this Motion for Appeal on July 21, 1992.[1] Mr. Castille asserts that the court improperly revoked his probation because'the conditions which he allegedly violated were not imposed by the trial judge. The Rule to Revoke asserts that Mr. Castille violated certain provisions and conditions of probation and lists the violations as follows:
# 1 — Refrain from criminal conduct specifically the violation of any state, federal, local or municipal law in that subject was arrested on 08-29-91 and charged with Theft Over $500.00 and Possession of Stolen Property at $500.00.
*1352 # 7—Make reasonable reparation or restitution to aggrieved party for damages or loss caused by your offense in an amount determined by the court. Subject has an outstanding balance of $635.00.
# 11—Special condition to pay fine and court cost under Jeff # 88-4320. Subject has an outstanding balance of $1,250.00.
# 13—Pay a probation supervision fee of $20.00 per month. The subject has an outstanding balance of $130.00.
(R., p. 40).
In addition, at the revocation hearing the probation officer asserted that Castille moved without giving any notice and failed to report on a regular basis. Thus, the violation can be divided into three distinct categories which include failure to refrain from criminal conduct, failure to pay a fine or restitution, and failure to report to the probation officer. Each category will be considered separately.
The first alleged violation committed by the defendant is that he engaged in criminal conduct while on probation. The condition that a defendant refrain from criminal conduct is a mandatory general condition of probation. LSA-C.Cr.P. art. 895(A); State v. Davis, 480 So.2d 495 (La.App. 5th Cir. 1985). The state may show a violation of the conditions of probation either by establishing a conviction or by proof of the actual commission of a crime, apart from conviction. State v. Dabney, 594 So.2d 581, 583 (La.App. 5th Cir.1992), writ denied, 599 So.2d 317 (La. 1992).
The only evidence of criminal activity by the defendant presented at the hearing was the testimony of Joseph Dier, the probation officer. Mr. Dire stated that Castille has a pending felony theft charge in St. Tammany Parish, but he admitted on cross examination that appellant has not been convicted for that crime. No other evidence of criminal activity was presented at the hearing. In State v. Harris, 368 So.2d 1066 (La.1979), the Louisiana Supreme Court stated that in the absence of a conviction the testimony of a probation officer was insufficient to support the revocation of a defendant’s probation where no supporting evidence was provided to prove the fact of the underlying criminal conduct. Accordingly, we find that in the present case the testimony of Officer Dier is not sufficient to support the revocation of Castille’s probation.
The next category of probation violations asserted by the probation officer is that appellant has failed to meet the financial obligations which were imposed as special conditions of his probation. In State v. Che-lette, 558 So.2d 770 (La.App. 5th Cir.1990), a panel of this Court discussed revocation of probation based on a defendant’s failure to pay a fine or restitution:
In a revocation proceeding based on the defendant’s failure to pay a fine or restitution, the trial court must inquire into the reasons for failure to pay. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). If the defendant cannot pay, yet has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. Bearden v. Georgia, supra; State v. Coates, 528 So.2d 595 (LaApp. 2nd Cir.1988). Examples of alternative punishments include extending the time for payments, reducing the fine, or directing the defendant to perform some form of labor or public service in lieu of a fine or restitution. Bearden v. Georgia, supra, State v. Coates, supra. However, if alternative measures are not adequate to meet the state’s interest in punishment and deterrence, then the court may impose imprisonment on a defendant who has failed to pay the obligation, despite bona fide efforts to do so. Bearden v. Georgia, supra.
At the hearing on the rule to revoke, Officer Dier testified that Castille had not made payments on his fines or restitution obligation for several months, but he did not offer any evidence to indicate whether or not he had inquired about appellant’s reasons for failing to make the payments. Dier did admit that the defendant had made some payments prior to February of 1992 when he stopped making payments.
*1353 Cory Castille testified at the hearing and stated that he had lost his job in February of 1992. In addition, the defendant indicated that he had been evicted from his home, and he was not able to seek employment because he was looking for a place to live. Since insufficient evidence was presented at the hearing to determine whether or not the defendant made a sufficient effort to make the payments, a remand is warranted.
The final category of alleged violations is that Castille failed to report to the probation officer. Mr. Castille admitted during the revocation hearing that he did not report to his probation officer from March 23 until July 14, 1992. (R., p. 115). Mr. Cas-tille acknowledged that he knew it was his responsibility when he moved to notify the probation department but that he didn’t notify his probation officer until after he was arrested on July 14, 1992.
During sentencing the court imposed certain provisions of probation:
Now, Mr. Castille, you will get copies of the provision for probation from the clerk before you leave. Those conditions will be explained to you in more detail by the probation department themselves. You have to adhere to those conditions of probation as well as the special conditions I gave to you in order to remain on probation. If you violate those terms of conditions then your probation will be revoked and then you will have to serve the five years at hard labor. Do you understand?
The record is unclear as to whether the provisions of probation imposed by the court required Mr. Castille to report monthly to his probation officer. LSA-C.Cr.P. art. 895 requires the court not the probation department to impose the conditions of probation. See State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988). A remand is additionally necessary to determine whether a condition of probation imposed by trial court included reporting to his probation officer on a monthly basis.
The court reviewed the entire record for any errors patent at the request of the appellant. In matter number 93-KA-243 a review of the record reveals an error on the commitment form. The transcript and the minute entry reflect that the defendant is to be given credit for time served; however, the commitment form does not contain the same provision. Therefore, the commitment should be amended to correct this oversight.
In matter number 93-KA-244, a review of the record reveals an error in sentencing. The defendant was sentenced to one (1) year at hard labor with the Department of Corrections for attempted theft of property valued at $1,000.00; however, the sentence was suspended, and the defendant was placed on active probation for two years. The maximum sentence the trial court could have imposed for this crime is outlined in LSA-R.S. 14:27 D(2) which provides in part:
If the offense so attempted is theft, and is punishable as a felony, he shall be fined not more than five hundred dollars, or imprisoned not more than one year, or both;
Since the statute does not authorize imprisonment at hard labor, the sentence is illegal with regard to that provision. Illegal sentence are subject to correction at any time. LSA-C.Cr.P. art. 882; State v. Jenkins, 573 So.2d 218 (La.App. 5th Cir.1990) (overruled on other grounds). Id. Therefore, .this court vacates the sentence in 93-KA-244 and remands the case for resentencing. Further, the revocation judgment in the consolidated cases is vacated and the matter is remanded for a further revocation hearing in accordance with this opinion.

SENTENCE IN 93-KA-244 VACATED.

REMANDED FOR RESENTENCING.

REVOCATION JUDGMENT VACATED.

MATTER REMANDED.

. The defendant has no right of appeal from the revocation of his probation. However, the court can exercise its supervisory jurisdiction and maintain the matter, treating it as an application for supervisory writ. See State v. Moore, 540 So.2d 599 (La.App. 5th Cir. 1989) and State v. Davis, 480 So.2d 495 (La.App. 5th Cir.1985).