GOTHARD, Judge.
The defendant appeals denial of his motion to vacate sentence and, in the alternative, revocation of probation.
The State charged the defendant by bill of information filed on August 25, 1989 with theft of currency and merchandise valued at $575.37 in violation of LSA-R.S. 14:67. At his arraignment, the defendant entered a plea of not guilty. On October 25, 1990 the defendant entered a plea agreement with the State and pled guilty as charged in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and LSA-C.Cr.P. art. 893. The trial court then sentenced the defendant to three years at hard labor, suspended the sentence, and placed the defendant on active probation for one year subject to the following conditions:
1) Pay $20.00 monthly probation fee.
2) Pay a $500.00 fine plus court costs.
3) Make restitution to the victim in the amount of $575.37.
4) Perform fifty hours of community service.
The defendant’s probation officer filed two motions to revoke, alleging that the defendant had violated several conditions of his probation. The first motion was filed on July 15, 1991, and was heard on February 10, 1992, at which time the court extended the defendant’s probation an additional year to allow him time in which to fulfill the obli *1362 gations of his probation. The judge struck the payment of court costs from the sentence.
The second rule to revoke probation was filed on July 7, 1992 and set for hearing on December 15, 1992. In the meantime on September 15, 1992, the defendant filed a motion to vacate sentence, citing State v. Williams, 598 So.2d 708 (La.App. 5th Cir. 1992), writ denied, 604 So.2d 996 (La.1992). A hearing was held on both the motion to vacate and the rule to revoke probation on December 15, 1992, at which the trial court denied the motion to vacate sentence, revoked the defendant’s probation, and reinstated the original sentence of three years at hard labor with an allowance for credit for time served. The trial court then granted defense counsel’s motion for appeal.
As a preliminary matter we note that there is no right to appeal a probation revo-' cation; however, we use our discretion to consider the appeal as an application for supervisory writs in the interest of judicial economy. State v. Williams, supra.
FACTS
At the combined hearing, the defendant testified that he was unable to satisfy the financial obligations of his probation because of his inability to find steady employment. He had worked temporary jobs on three occasions, but now he had a “good job” doing construction work and should be able to pay the amount owed within six months. After hearing that testimony, the trial court denied the motion to vacate sentence.
Before hearing the rule to revoke probation, the trial court noted that it would only consider the conditions of paying the fine and probation fee, making restitution, and performing community service hours, and struck the payment of court costs from the defendant’s sentence.
The defendant’s probation officer, Vernes-ter Canty, testified that she met with the defendant on March 3, 1992, but since then she has not been able to meet with him despite her efforts. She further testified that the defendant had made no payment toward the $500.00 fine nor restitution and had performed no community service.
The defendant’s testimony was vague and evasive. He stated that he looked for work but noted that “it’s hard to get a job.” He said that he was able to work and his chosen field was construction. He said that he did not look for work at McDonald’s but did inquire at a Burger King which refused him. In an attempt to find “labor work” he went “just anywhere where I could get a job.” When asked why he did not perform the community service, he admitted that he “just didn’t do it,” even though he had no work commitments to interfere. He said that with his present construction job, he could only do community service on the weekends. He testified that he lived with his girlfriend, who was employed.
After hearing this testimony, the trial judge revoked defendant’s probation and ordered him to serve three years at hard labor.

Motion to Vacate

In State v. Williams, supra, at 711, this Court stated:
... If the defendant found himself unable to fulfill the financial conditions of his probation, the most equitable remedy available to him was to petition the court, before institution of revocation •proceedings, to vacate his guilty plea and thereby place him in the same position as prior to that plea. State v. Caballero, 464 So.2d 939 (La.App. 4th Cir.1985). (emphasis added).
Here, the defendant did not petition the court until after revocation proceedings were instituted for a second time by the filing of the rule to revoke with an attached order and thus his motion to vacate was untimely. Furthermore, we find no abuse of the trial court’s discretion in denying the motion to vacate sentence. The defendant attributed his failure to pay the agreed-upon financial obligations to his unemployment, but he took no steps to contact his probation officer nor to petition the court to set aside the plea bargain until two rules to revoke had been filed.

*1363
Probation Revocation

Pursuant to LSA-C.Cr.P. art. 900 the trial court may order the defendant’s probation revoked after finding that the defendant has violated a condition of his probation. However, not every probation violation is serious enough to warrant the drastic sanction of revocation, and the trial judge is vested with wide discretion. In enacting article 900, the legislature intended the punishment for probation violations to be tailored to the facts of the case, the seriousness of the misdeed, and needs of the probation. State v. Sussmann, 374 So.2d 1256 (La.1979).
Furthermore, in a revocation proceeding based on the defendant’s failure to pay a fine or restitution, the trial court must inquire into the reasons for failure to pay. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Che-lette, 558 So.2d 770 (La.App. 5th Cir.1990). If the defendant willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment. Bearden v. Georgia, supra. If the defendant cannot pay, yet has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. Bearden v. Georgia, supra; State v. Chelette, supra.
In this case, the record fully supports the revocation, in that the defendant provided no excuse at all for his failure to perform the required community service and there was no evidence of a bona fide effort to obtain employment or to pay his obligations on the occasions when he had temporary employment.

Errors Patent

The defendant assigns as error any and all errors patent on the face of the record. Our review reveals no patent errors, that the defendant was properly “Boykinized” in making his guilty plea, and that there is a sufficient factual basis to support his guilty plea under North Carolina v. Alford, supra.
Accordingly, for the reasons stated, the writ is denied.

WRIT DENIED.