CANNELLA, Judge.
Defendant, Marilyn Jones, .appeals from a judgment revoking her probation. Although there is no right of appeal from a revocation proceeding, we exercise our right to maintain the matter under our supervisory jurisdiction, treating the motion for appeal as an application for supervisory writs. See: State v. Norwood, 587 So.2d 75 (La.App. 5th Cir.1991). We affirm the judgment of the trial court on the basis that the defendant failed to make bona fide efforts to pay the fine and probation fee even after the trial judge extended the time period to make the payments.
On May 25, 1989, defendant was charged with aggravated battery. She pled guilty on December 7, 1989 and was sentenced to three years at hard labor. The sentence was suspended and she was placed on active probation for two years, subject to the conditions that she pay a $500 fine, perform one hundred hours of community service, pay court costs and pay a $10 monthly probation fee. The sentence was ordered to run concurrent with a ninety day suspended sentence for disturbing the peace in a separate case.
On October 31,1991, defendant’s probation officer, Margaret Williams, filed a rule to revoke her probation because defendant had not met the financial obligations imposed as conditions of probation. On January 13, 1992, the trial judge, without taking evidence, extended her probation an additional six months in order for her to perform her community service work and pay the fine, fee and court costs. Defendant was in attendance at this hearing, but was unrepresented by counsel.
The probation officer filed a second rule to revoke defendant’s probation on June 25, 1992, alleging that defendant still had not met her financial obligations. Defendant was represented by an Indigent Defender Board (IDB) attorney at this hearing held on February 12, 1993.
At the conclusion of the second revocation hearing, the trial judge ordered defendant’s probation revoked stating:
“She’s had since ’89 to pay it. It started off with a serious charge, aggravated battery. And the Court gave her all the benefits, put her on a two (2) — year probation and a very lenient fine. The Court thinks she could have made more effort to pay it, so I’m revoking her and ordering that she serve six (6) months in Parish Prison. She owes two (2) years. I’m going to suspend a year and a half and order that she serve six (6) months in Parish Prison. And I’ll give her credit for any time that she’s served on the charge.”
In her writ application, defendant asserts that the trial judge abused his discretion in revoking her probation, because she is an unemployed mother of four children, ages nine years, eight, four and two, that she is unable to work because she needs to remain at home with the two youngest children and that her income is only $515 per month from welfare, social security and child support. She points out that she has paid $325 of the $500 fine. Defendant cites Bearden v. Geor *1342 gia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) and State v. Carey, 392 So.2d 443 (La.1981) holding that the trial court may not revoke a defendant’s probation and sentence the party to jail if the defendant is indigent without first considering other alternatives to incarceration.
Under Bearden, when a revocation is sought on the basis of defendant’s failure to pay a fine or restitution, the court must first inquire into the reasons that defendant has failed to pay. If defendant has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. Bearden 461 U.S. at 672-73, 103 S.Ct. at 2073; State v. Coates, 528 So.2d 595, 598 (La.App. 2nd Cir.1988); State v. Chelette, 558 So.2d 770, 771 (La.App. 5th Cir.1990). Alternative methods of punishment may include extending the time for payments, reducing the fine, or directing the defendant to perform some form of labor or public service in lieu of a fine or restitution. Bearden 461 U.S. at 671, 103 S.Ct. at 2072; Chelette, at 771. However, even if alternative measures are available, but they are not adequate to meet the state’s interest in punishment and deterrence, then the court is entitled to impose imprisonment on a defendant who has failed to meet the financial obligations of probation, despite bona fide efforts to do so. Bearden, 461 U.S. at 672-73, 103 S.Ct. at 2073; Chelette, at 772.
In this case, the probation officer testified that defendant owed a balance of $175 on her fine. She also testified that, in a previous proceeding, the trial judge extended the probation period for six months in order to allow defendant extra time to pay her probation obligations. The probation officer stated that several continuances have extended the period to one year. On cross-examination, she testified that defendant was caring for three minor children and that her income was $602 per month.
Defendant testified that she takes care of and supports four minor children, ages nine, eight, four and two. She admitted that two of the children had been in foster care, but for how long was not made clear. Defendant testified that her income from social security, welfare and child support is $515 per month and that she does not work because she stays home with the two younger children. She also testified that she paid the probation department $250 toward the fine on the Friday before the hearing. (It was not clear whether this amount was included in the amount owed for the fine or the probation fees. No other evidence was produced regarding this statement.)
The trial judge was not convinced that defendant had made bona fide efforts to acquire the means to pay her financial obligations under the probation. He had given her a previous alternative to jail by extending the time for her to make the effort to pay and he believed she did not do so. Given the state’s interest in punishment and deterrence, and the facts in this case, we cannot say that the trial judge erred or abused his discretion in revoking defendant’s probation and sentencing her to serve the imprisonment.
Accordingly, the revocation of defendant’s probation is hereby affirmed.

AFFIRMED.