jiGOTHARD, Judge.
Defendant, Robert Johnson, appeals a judgment of the trial court revoking his probation. Although defendant has no right to appeal a probation revocation, in the interest of judicial economy this court will consider the appeal as an application for supervisory relief.[1] After consideration of the issues presented herein, we reverse.
Defendant was charged, by bill of information filed on May 15,1991, with possession of stolen property valued at $3,000.00 in violation of LSA-R.S. 14:69 in connection with a stolen automobile. After withdrawing his initial plea of not guilty, defendant pled guilty as charged on June 22, 1992. Pursuant to a plea agreement, the trial court sentenced the defendant to three years at hard labor, but suspended the sentence and placed the defendant on active probation for eighteen months.
|2On April 7,1993, a verified rule to revoke was filed alleging that the defendant had violated the conditions of his probation by:
1. Failure to refrain from criminal activity: defendant was arrested in Mississippi on June 21, 1991 for possession of cocaine and convicted of that charge on November 18, 1992;
2. Failure to report to his probation officer since November 24, 1992;
3. Failure to pay court costs and perform community service; and,
4. Failure to pay the monthly supervision fee as scheduled.
After a hearing on the matter on July 30, 1993, the trial court revoked defendant’s probation and ordered execution of the original sentence of three years at hard labor, to be served consecutively with another sentence defendant was then serving. Defendant appeals the revocation, arguing that it was error to revoke the probation for a violation of a condition not imposed by the sentencing court and seeking a review of the record for errors patent.
At the hearing the state offered testimony from Leslie Williams, the defendant’s probation officer. Ms. Williams’ testimony was limited to the allegation of the revocation rule regarding the criminal conduct of the defendant. Defendant argues that the sentencing judge did not require the defendant to refrain from criminal conduct as a condition of probation and, therefore, his probation cannot be revoked for criminal conduct.
LSA-C.Cr.P. art. 895(A) in pertinent part reads: “When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct. ..”. This is a mandatory general condition of probation. State v. Dabney, 594 So.2d 581 (La.App. 5th Cir.1992), writ denied, 599 So.2d 317 (La.1992). Further, C.Cr.P. art. 901 authorizes the court to revoke probation when the defendant “who is on probation for a felony commits or is convicted of a felony under the laws of this state, or under the laws of another state... ”.
*275 Therefore, we lafind no merit in defendant’s argument that probation cannot be revoked for participation in criminal conduct if restraint from such conduct was not imposed as a condition of the probation by the sentencing court.
We are, however, unconvinced that the state can prevail in the revocation proceedings. At the hearing Ms. Williams stated that the defendant had been convicted in Mississippi on November 18, 1992, for possession with intent to distribute cocaine and sentenced to a “five-year probation for that conviction”. Although vague reference was made to a certified copy of the Mississippi conviction having been filed in another division of the Twenty-Fourth Judicial District Court, there was no verification of this conviction entered into evidence in this record. Thus, we find the state did not bear its burden of proof in this matter.
Further, it is evident from the record that both the state and the sentencing judge knew of the Mississippi offense at the time of the original sentencing. The waiver of rights form signed by the defendant at the time of the guilty plea on the possession of stolen property charge refers to a 1991 possession of cocaine charge against the defendant in Mississippi. Further, the following exchange occurred during the trial judge’s colloquy with the defendant:
BY THE COURT:
Q. Do you have any prior convictions, or pleas of guilty entered in this jurisdiction, or any other jurisdiction, either State or Federal?
A. (Defendant) Yes, sir.
Q. And you have listed down here one conviction for possession of cocaine in Mississippi in 1991. Is that correct?
A. (Defendant) Yes, sir.
During cross-examination, Ms. Williams admitted that the defendant committed the drug offense in Mississippi on June 21, 1991, but did not plead guilty to that charge until November 18, 1992. Although the waiver of rights and the colloquy refer to a 1991 conviction of defendant in Mississippi for possession of |4cocaine, it appears from the testimony of Ms. Williams at the revocation hearing that the 1991 drug charge in Mississippi had not yet resulted in conviction when the defendant entered his guilty plea on the possession of stolen property charge on June 22, 1992. Thus, that offense was committed pri- or to the plea of guilty offered by defendant on the charge of possession of stolen property which forms the basis of this probation revocation action. Therefore, in all likelihood, the drug offense in Mississippi, which provided the ground for defendant’s probation revocation, occurred before the defendant was placed on probation.
For the foregoing reasons, we reverse the judgment of the trial court. Because we find reversible error we pretermit discussion of the errors patent review.
REVERSED.

. See, State v. Johnson, 592 So.2d 821 (La.App. 5th Cir.1991); writ denied, 592 So.2d 1337 (La.1992); State v. Norwood, 587 So.2d 75 (La.App. 5th Cir.1991); State v. Forest, 571 So.2d 893 (La.App. 5th Cir.1990), writ denied, 577 So.2d 13 (La.1991).