658 So.2d 27 (1995)
STATE of Louisiana
v.
William REXFORD.
No. 95-KA-152.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
*28 John M. Mamoulides, Terry M. Boudreaux, Dist. Attys. Office, Gretna, for plaintiff-appellee.
A. Bruce Netterville, Gretna, for defendant.
Before BOWES, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal relates to a revocation of probation which was based on the defendant's failure to refrain from criminal conduct. We reverse.

ISSUE
The sole issue presented is whether the trial court erred as a matter of law, in revoking the defendant's probation on the basis he, the defendant, failed to refrain from criminal conduct in that he allegedly committed simple battery.

FACTS
Defendant was originally charged with possession with intent to distribute a controlled dangerous substance, diazepam, on September 21, 1993. After withdrawing his previous not guilty plea, defendant entered a guilty plea to the reduced charge of simple possession of diazepam pursuant to La. C.Cr.P. art. 893. Defendant was sentenced to two years in parish prison which was suspended in favor of two years active probation subject to various special conditions.
On December 2, 1994, the state filed a Rule to Show Cause Why Defendant's Probation Should Not be Revoked on the basis defendant allegedly failed to refrain from criminal conduct. A hearing on the Rule was held on December 5, 1994 where two witnesses testified; defendant's probation officer, Dwayne Mahoney, and a woman, Lori Rodrigues, on whom defendant allegedly committed simple battery. At the conclusion of the hearing, the trial court found enough evidence to show defendant failed to refrain from criminal conduct, ordered defendant's probation revoked, and imposed his original sentence of two years. Defendant seeks an appeal from the revocation of his probation.

ANALYSIS
There is no right of appeal from the revocation of probation. La.C.Cr.P. art. 912. However, this court has, in the past, converted an incorrectly lodged appeal into an application for supervisory writs in the interest of judicial economy. Importantly, this court issued an En Banc Order on December 9, 1994 stating such practice will no longer be continued for appeals filed after January 1, 1995. Since this appeal was filed on December 14, *29 1994, we necessarily follow our old practice and convert the matter into a writ.
The trial court has wide discretion in revoking defendant's probation and we will not reverse the trial court's decision absent an abuse of that discretion. See La.C.Cr.P. art. 900; State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976); State v. Clark, 600 So.2d 785 (La.App. 5 Cir.1992). Defendant was charged with violating the conditions of his probation by failing to refrain from criminal conduct.[1]
Based on the testimony, the trial court found defendant had committed simple battery on two separate occasions. And, on that basis, it revoked defendant's probation. Defendant asserts the trial court erred because the State failed to prove criminal conduct by a conviction and Ms. Rodrigues' testimony concerning the conduct of defendant was biased and not credible.
Proving a defendant's failure to refrain from criminal conduct requires either a showing of a conviction or a showing of the actual commission of the crime through defendant's underlying conduct. State v. Dabney, 594 So.2d 581 (La.App. 5 Cir.1992), writ denied, 599 So.2d 317 (La.1992). There is no evidence in the record that defendant was convicted of any crime while on probation. Further, testimony evidencing defendant's arrests for criminal activity is insufficient to revoke his probation. State v. Dabney, supra. Through the testimony of defendant's probation officer and Ms. Rodrigues, we cannot say the trial court erred in finding defendant committed the crime of simple battery.
However, La.C.Cr.P. art. 901 provides the probation for a felony conviction can be revoked for the commission or conviction of another felony or a conviction of a misdemeanor. Unfortunately, it appears, from the wording of the statute, that the mere commission of a misdemeanor is insufficient to revoke the defendant's probation. See La.C.Cr.P. art. 901, Comment (b).Defendant was on probation for a felony, simple possession of diazepam. La.R.S. 40:969. The criminal activity, simple battery, with which he was charged is a misdemeanor.[2] La.R.S. 14:35. Thus, since there is no evidence of a misdemeanor conviction, the mere commission of a misdemeanor cannot provide the basis for the revocation of his felony probation.

CONCLUSION
We find the trial court abused its discretion in revoking defendant's probation on the basis he committed a misdemeanor of simple battery. La.C.Cr.P. art. 901 requires a misdemeanor conviction, rather than mere evidence of the commission of the misdemeanor, where there is a felony probation. A search of the record does not reveal any evidence of a conviction, but rather only evidence that defendant committed a misdemeanor.
For the above reasons, we necessarily grant defendant's writ and set aside his probation revocation.
REVERSED.
NOTES
[1] The condition that a defendant refrain from criminal conduct is a mandatory general condition of probation. La.C.Cr.P. art. 895(A).
[2] The testimony of defendant's probation officer that drug charges are pending against defendant is insufficient to support the revocation of defendant's probation. See State v. Castille, 623 So.2d 1350 (La.App. 5 Cir.1993).